**Marie C. BOUZOS–REILLY,**

v.

**John C. REILLY, Appellee.**

Superior Court of Pennsylvania.

Submitted July 21, 2009.

Filed Aug. 27, 2009.

Reargument Denied Oct. 16, 2009.

---

Todd Begg, Pittsburgh, for appellant.

Sophia P. Paul, Pittsburgh, for appellee.

BEFORE: KLEIN, ALLEN and COLVILLE *, JJ.

OPINION BY KLEIN, J.

▪ ¶ 1 Marie C. Bouzos–Reilly (Mother) appeals from the trial court's order granting John C. Reilly's (Father) motion to dismiss Mother's custody complaint on the grounds that a New York judge determined that New York was the home state and that Pennsylvania lacked jurisdiction. We find that the Pennsylvania trial judge abused her discretion when she deferred to a New York trial judge's improper determination that New York was the home state of the underlying custody matter. Because the trial judge failed to conduct a full hearing with relevant witnesses to elicit testimony regarding the underlying jurisdictional issue, there was insufficient evidence on the record to support the trial court's findings. Thus, we reverse.[1]

---

* Retired Senior Judge Assigned to the Superior Court.

1. A court's decision to exercise or decline jurisdiction is subject to an abuse of discretion standard of review and will not be disturbed absent an abuse of that discretion. Under Pennsylvania state law, an abuse of discretion occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings. An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures. *Billhime v.*

■ ¶ 2 We recognize that the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S. § 5401, *et seq.*, is designed to eliminate a rush to the courthouse to determine jurisdiction. However, the UCCJEA is dependent on a proper *finding* that there *is* a home state. The judge in New York and the judge in Pennsylvania communicated by telephone, which is certainly proper. However, the determination of a home state should not be based on which judge speaks first to claim home state status. In this case, the New York court erred, and merely because that judge spoke first does not mean the Pennsylvania judge should automatically acquiesce to that determination.

¶ 3 Father claims that once the New York judge spoke and claimed home state status for New York, the only alternative for Mother was to appeal *in New York*. That should not be the law. There is even *less* reason for the New York judge to make a determination of home state than the Pennsylvania judge when considering a motion to dismiss a custody complaint *filed in Pennsylvania*.

¶ 4 The UCCJEA applies to both Pennsylvania and New York. The UCCJEA defines "home states" as:

> The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402. The New York judge stated, "He [the child] lived in New York substantially more time than he lived

in Pennsylvania; and therefore, I think under our definition, we are the home state. I don't think there is any choice about it." N.T. Telephone Conference, 12/23/2008, at 17–18. However, it appears the New York judge mistakenly believed that the prior New York law still applied, which granted home state status depending on where the child spent the majority of his time. However, at the time of the hearing, the language of section 5402 of the UCCJEA had the identical language when applied in both Pennsylvania and New York legal proceedings.

¶ 5 The facts in this case are that the child lived in New York for 88 days after he was born. When the child was three months old, Mother moved to Pittsburgh, Pennsylvania, to reside with her family after having had an altercation with Father. While the trial judge said that Mother "admitted" this was a temporary move, that distorts the pleadings. Mother moved for an indefinite period of time. While she did hope to reconcile with Father in New York, and in fact there were several visits between the parties in Pennsylvania, ultimately Father refused the conditions Mother wanted in order to guarantee her safety in New York. As a result, in October 2008 Mother filed a complaint for custody. As of November 25, 2008, the child had been residing with Mother and her family in Pennsylvania for 107 days; the child was more than six-months-old at that time.

¶ 6 On December 2, 2008, Father filed a motion to dismiss Mother's custody complaint alleging that Pennsylvania lacked jurisdiction and that New York was the child's home state because Mother's move to Pittsburgh was "temporary." On December 18, 2008, the New York judge scheduled a telephone conference that involved limited argument by the parties'

*Billhime,* 952 A.2d 1174, 1176 (Pa.Super.2008) (citation omitted).

counsel and the Pennsylvania trial court judge. Although Mother and Father were in attendance, they were not sworn in or given the opportunity to speak. N.T. Telephone Conference, 12/18/2008, at 2–4. Ultimately the Pennsylvania trial judge entered an order granting Father's motion to dismiss the custody action.

¶ 7 If there is to be a determination that the move to Pennsylvania was only temporary, this cannot be determined by the pleadings, but only after a hearing with testimony from Mother and Father and after the judge has made credibility findings. Since the motion to dismiss was filed in Pennsylvania, it is the obligation of the Pennsylvania court to make its own determination as to whether the move was temporary after hearing relevant witnesses. Since the child in its first five-and-one-half months of life, before the custody petition was filed, lived in both New York (with both parents) and Pennsylvania (with Mother), there is *no* clear cut home state according to the language of section 5420 unless there is a finding that Mother's move was only temporary.

¶ 8 If it is determined that the move was *not* temporary, then there is no home state. In that case, there must be a determination under 23 Pa.C.S.A. § 5421(a)(2)[2] as to which state is the more appropriate forum based on where there are the most significant connections. Since Mother and child have lived in Pennsylvania since the child was three months old and Mother has significant family contacts in Pennsylvania, there certainly can be no automatic finding that New York should be the forum state.

¶ 9 Accordingly, we remand to the trial court for it to make its own finding as to whether Mother's move to Pennsylvania was "indefinite," as admitted, or whether contrary to what Mother pled, it was temporary. *See Powell v. Stover,* 165 S.W.3d 322 (Tex.2005); *see also Gruber v. Gruber,* 141 Md.App. 23, 784 A.2d 583 (2001), *vacated on other grounds,* 369 Md. 540, 801 A.2d 1013 (2002). If, as it appears, the move was not temporary, the Pennsylvania trial court must then decide whether or not the more significant contacts are in Pennsylvania. Because the trial judge abused her discretion by making a finding without sufficient evidence of record, we must reverse. *Billhime, supra.*

¶ 10 Order reversed. Matter remanded to the trial court for a full hearing to determine whether Mother's move to Pennsylvania was "indefinite" or "temporary" and, if indefinite, with which state the child has more significant connection. Jurisdiction relinquished.

¶ 11 ALLEN, J., concurs in the result.

---

2. § 5421. Initial child custody jurisdiction

(a) GENERAL RULE.—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

\* \* \*

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconven-ient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

23 Pa.C.S.A. § 5421(a)(2).

(i) the child and the child's parents, or the child and at least one Parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

(ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships[.]