J-A09031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| v. | : | |
| | : | |
| W.K. | : | |
| | : | |
| Appellee | : | No. 1642 WDA 2019 |

Appeal from the Order Entered October 23, 2019
in the Court of Common Pleas of Allegheny County
Family Court at No(s): Case No. FD19-004076-008

BEFORE: SHOGAN, J., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.: **FILED JUNE 09, 2020**

A.K. (Mother) appeals following the trial court's award of temporary primary physical custody of her son G.K. (Child) (born October 2010), to Child's father, W.K. (Father), and order permitting Father to take Child to Colorado. Because the issues presented in this appeal are moot, we dismiss this appeal.

The trial court provided the following background of this case in its Pa.R.A.P. 1925 opinion.

> Mother, Father, and Child lived as an intact family in Pennsylvania from May of 2011 until June of 2019, when they moved, still as an intact family, to Windsor, Colorado. This move was made in agreement and was meant to be permanent as evidenced by the fact that the parties purchased a house,

_____

[*] Retired Senior Judge assigned to the Superior Court.

obtained new Colorado drivers' licenses, and enrolled Child in school.

On or about September 13, 2019[,] there was an argument between [] Mother and [paternal] grandmother. This argument led to some sort of altercation, the facts of which are disputed. On September 16, 2019, Mother took Child from school and fled to Pennsylvania without Father's agreement, and apparently without Father's knowledge. Mother did not inform Father of Child's whereabouts.[1]

_____

[1] Mother requested a Protection from Abuse order [against Father from] an Allegheny County Magisterial District Judge[,] which was denied. Father attempted to obtain Mother's address from the Magisterial District Judge, but was unable to do so.

On September 24, 2019, Mother filed an action for support [in the Allegheny County Court of Common Pleas]. It was through service of that filing upon him in Colorado that Father learned of the whereabouts of Mother and Child. The instant case was then commenced when Father filed a motion entitled "Emergency Petition for Return of Custody[,]" which came before [the trial court] on October 9, 2019. Father requested Child's return to Colorado "pending any custody action."

Trial Court Opinion, 12/9/2019, at 2-3.

The trial court scheduled a judicial conciliation for the following day and entered an order requiring Mother or Father to file a custody complaint within five days. The order also declared Pennsylvania to be Child's home state,[1] but indicated that the trial court would consider returning Child to Colorado. Trial Court Order, 10/10/2019, at 1.

_____

[1] Interstate custody disputes are governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 23 Pa.C.S. §§ 5401-5482. "The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid

*(Footnote Continued Next Page)*

Both parties participated in the judicial conciliation on October 10, 2019. Only the second portion of the conciliation was on the record, which included the trial court's *in camera* interview of Child. At the end of the conciliation, the trial court informed the parties that it was declining jurisdiction because Pennsylvania was not Child's home state after all, and it did not have a significant connection because Child was brought here under "subterfuge." N.T., 10/10/2019, at 46. The Court indicated that it was going to order Child to be returned to Colorado, and one of the parties should file a complaint for custody in Colorado. *Id.* at 46-47. Father requested that he be permitted to retrieve Child immediately, but, at

*(Footnote Continued)* ─────────────

relitigating custody decisions of other states, and facilitate the enforcement of custody orders of other states." **A.L.-S. v. B.S.**, 117 A.3d 352, 356 (Pa. Super. 2015). The UCCJEA was also enacted to conform state law with the Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. § 1738A, which is a federal law requiring "that states give full faith and credit to another jurisdiction's child custody determination made in compliance with the provisions of the PKPA." **R.M. v. J.S.**, 20 A.3d 496, 502-03 (Pa. Super. 2011).

Although the UCCJEA provides for several methods to establish jurisdiction in a particular state, "our case law provides that the home state is the preferred basis for jurisdiction." **J.M.R. v. J.M.**, 1 A.3d 902, 909 (Pa. Super. 2010). The UCCJEA defines home state as "[t]he state in which a child lived with a parent … for at least six consecutive months immediately before the commencement of a child custody proceeding." 23 Pa.C.S. § 5402. When "there is no home state ... there must be a determination under 23 Pa.C.S.[] § 5421(a)(2) as to which state is the more appropriate forum based on where there are the most significant connections." **Bouzos–Reilly v. Reilly**, 980 A.2d 643, 646 (Pa. Super. 2009).

- 3 -

Mother's request, the trial court gave Mother a seven-day period to arrange for Child to be returned. *Id.* at 52-57.

Following the conciliation, the trial court vacated the portion of its October 10, 2019 order determining that Pennsylvania was Child's home state, as well as the portion of the order mandating that a complaint be filed. It found that Pennsylvania was not Child's home state because he had not been in Pennsylvania for six months prior to the commencement of the action. The trial court ordered Child to be returned to Colorado within seven days, and entered the order "without prejudice to either party's rights in custody." Trial Court Order, 10/11/2019, at 2-3.

Although "Mother appeared to acquiesce to this decision at the conciliation, and, in fact, the seven-day provision in the order was provided at Mother's request to have time to ready [] Child for travel," Trial Court Opinion, 12/9/2019, at 3; N.T., 10/10/2019, at 52-57, Mother did not return Child as ordered. Instead, Mother filed a motion for reconsideration.[2]

In the motion for reconsideration, Mother argued the trial court did not have jurisdiction to enter the October 11, 2019 order because Father had not filed a custody complaint prior to filing his emergency petition. Furthermore, she claimed the order to return to Colorado contradicted Colorado law and should not have been issued because the trial court had

---

[2] Per the docket, the motion was presented on October 16, 2019, but not filed until November 8, 2019.

- 4 -

refused to accept jurisdiction in Pennsylvania. Mother requested that the trial court vacate the October 10 and 11, 2019 orders, and "that the parties be permitted to pursue this custody action properly through the Colorado legal system." Emergency Motion for Reconsideration, 11/8/2019, at ¶ 31. Additionally,

> [i]n her [m]otion [for reconsideration], Mother brought to [the trial court's attention, for the first time, that Father had filed for Dissolution of Marriage as well as a Motion for Abduction Prevention in the Colorado courts in September of 2019. The Colorado court had declined to hear the [a]bduction petition due to jurisdictional concerns, stating it had those concerns because "**based on the petition alone**, the [c]ourt may not have initial subject matter jurisdiction over [issues related to custody of Child]."[3] (emphasis added). Upon learning of Mother's location [in Pennsylvania], Father withdrew both Colorado petitions. Those petitions were withdrawn by Father prior to the first conciliation in [the Allegheny County Court of Common Pleas].

Trial Court Opinion, 12/9/2019, at 4.

The trial court took the motion for reconsideration under advisement until it could consult with the Honorable J. House of Colorado.[4] The trial court scheduled the conference on the earliest date Judge House was available, which was October 22, 2019. Trial Court Opinion, 12/9/2019, at 4.

---

[3] No citation was provided by the trial court, but presumably the trial court is quoting an order from Colorado. This order does not appear in the certified record.

[4] This ruling does not appear in the certified record, but both the trial court and Appellant agree on this aspect of the procedural history. *Id.*; Mother's Brief at 12.

Meanwhile, Mother did not arrange for Child to return to Colorado, and in an order dated October 18, 2019, and entered on October 21, 2019, the trial court permitted Father to retrieve Child from Pittsburgh with the assistance of local law enforcement. The trial court also specified that Father "shall maintain primary physical custody until otherwise determined." Trial Court Order, 10/21/2019, at 1. In its Rule 1925 opinion, the trial court explained that it issued this order based upon its belief that it had temporary emergency jurisdiction pursuant to 23 Pa.C.S. § 5424,[5] and "because Mother herself [had] stated [in her motion for reconsideration] that Colorado was the proper jurisdiction for the instant custody matter." Trial Court Opinion, 12/9/2019, at 4 (emphasis removed).

---

[5] This provision in the UCCJEA provides as follows.

> (a) General rule.--A court of this Commonwealth has temporary emergency jurisdiction if the child is present in this Commonwealth and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse.

> (b) No previous custody determination or proceeding.--If there is no previous child custody determination that is entitled to be enforced under this chapter and a child custody proceeding has not been commenced in a court of a state having jurisdiction under sections 5421 (relating to initial child custody jurisdiction) through 5423 (relating to jurisdiction to modify determination), a child custody determination made under this section remains in effect until an order is obtained from a court of a state having jurisdiction under sections 5421 through 5423. …

23 Pa.C.S. § 5424(a), (b).

On October 22, 2019, the trial court conferred with Judge House from Colorado.[6] Following that conference, the trial court entered an order indicating that both judges agreed that (1) neither Pennsylvania nor Colorado has home state jurisdiction pursuant to the UCCJEA because Child did not reside in either state for the requisite six months prior to the commencement of the action; and (2) the parties had significant contacts with Colorado based upon Mother and Father's acts of purchasing a home, acquiring driver's licenses, and enrolling Child in school in Colorado by agreement in June 2019. Trial Court Order, 10/23/2019, at 1. The order further noted that Child was currently in Colorado with Father pursuant to the October 21, 2019 order in Pennsylvania and that both parties had filed custody actions in Colorado, which were pending as of the date of the interstate judicial conference. *Id.*

Mother timely filed a notice of appeal on November 6, 2019. Both Mother and the trial court complied with Pa.R.A.P. 1925. On appeal, Mother raises the following issues:

> I.   Whether the trial court erred by holding a judicial conciliation on October 10, 2019, without there first being an underlying action commenced in Allegheny County in accordance with 23 Pa.C.S. § 1915.3, and without first holding a hearing and invoking emergency jurisdiction in accordance with Pa.C.S. § 5424.

---

[6] The trial court's October 23, 2019 order indicated that the conference was on the record, but no transcript appears in the record and Mother did not request any such transcript alongside her notice of appeal.

- 7 -

II.     Whether the trial court erred by ordering that Child be returned to the state of Colorado without proper child custody jurisdiction to do so, after finding that Allegheny County is not Child's "home state" in accordance with 23 Pa.C.S. § 5421, thereby explicitly denying to exercise subject matter jurisdiction over the child custody issue.

III.    Whether, assuming *arguendo* that the trial court was correct in providing relief and making child custody determinations without exercising child custody jurisdiction, the trial court erred by awarding primary physical custody to Father through the order dated October 18, 2019, without first holding a hearing providing Mother with her due process rights, and by failing to weigh each custody factor in accordance with 23 Pa.C.S. § 5328.

IV.     Whether the trial court erred by awarding primary physical custody to Father through the order, dated October 18, 2019, prior to first conferring with the appropriate tribunal in the state of Colorado, after being provided with notice that Father had an active divorce and custody action filed in the state of Colorado.

Mother's Brief at 5-6 (capitalization, party designations, and citations altered).

Before we consider the merits of the issues Mother presents on appeal, we must address preliminarily whether these issues are mooted by Child's return to Colorado and the pending custody actions in Colorado. Mother does not address the mootness doctrine in her brief despite the contention of the trial court that the issues she presents are moot, and she did not file a reply brief after Father argued the same in his brief. Trial Court Opinion, 12/9/2017, at 5-7; Father's Brief at 6 (numbering supplied). They emphasize that Mother does not challenge the trial court's declination to

exercise jurisdiction in Pennsylvania or its determination that Colorado is the state with significant contacts. Instead, the issues Mother presents are based upon alleged procedural irregularities leading up to that decision.

This Court "generally cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *E.B. v. D.B.*, 209 A.3d 451, 461 (Pa. Super. 2019) (citation omitted).

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*In re J.A.*, 107 A.3d 799, 811-12 (Pa. Super. 2015) (citing *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*)).

We agree with the trial court and Father that all of the issues Mother presents are moot. Mother challenges (1) the holding of a judicial conciliation without the filing of a custody complaint to initiate the custody action and without a hearing invoking emergency jurisdiction; (2) the trial court's orders requiring Child to be returned to Colorado despite its determination that Pennsylvania is not Child's home state; and (3) the trial court's award of primary physical custody to Father on an interim basis (a) without a hearing to protect Mother's due process rights, (b) without weighing the 16 custody factors set forth in Pennsylvania's Child Custody Act, and (c) prior to the interstate judicial conference with Judge House.

However, she does not challenge the trial court's decision that Pennsylvania is not Child's home state and that Colorado has more significant connection with Child, such that any custody action should proceed there. In fact, Mother expressly agrees that the custody action should proceed in Colorado instead of Pennsylvania. Mother's Brief at 42.

At this point, no one disputes that Colorado is the state with jurisdiction, Child is no longer in the state of Pennsylvania, and actions for his custody are pending in Colorado. To the extent Mother takes issue with the initial judicial conciliation – one that proceeded without any indication in the record that Mother had an objection until after it occurred and the trial court issued a decision she did not like – that conference has already occurred. To the extent Mother takes issue with Child's return to Colorado and the trial court's award of temporary custody to Father, Child has already been returned, custody was awarded only on an interim basis without prejudice, and Mother does not contend that Pennsylvania has jurisdiction over Child. Therefore, there is no longer any pending case or controversy. Accordingly, we dismiss Mother's appeal as moot.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  6/9/2020