J-A01015-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| BRIAN BUNTING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIMBERLY BUNTING | : | No. 2224 EDA 2024 |

Appeal from the Order Entered July 22, 2024
In the Court of Common Pleas of Wayne County Civil Division at No(s):
2024-30171

BEFORE:  DUBOW, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY DUBOW, J.:  **FILED MARCH 18, 2025**

Appellant, Brian Bunting ("Father"), appeals from the July 22, 2024 order entered in the Wayne County Court of Common Pleas that sustained the preliminary objections filed by Appellee, Kimberly Bunting ("Mother"), and dismissed Father's Complaint in Divorce and Custody for lack of subject matter jurisdiction.  On appeal, Father limits his challenge to the lower court's dismissal of the custody complaint, after finding that it lacked subject matter jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S. §§ 5401-5482.  Upon review, we affirm.

The relevant factual and procedural history is as follows.  Father and Mother were married on July 13, 2013, and are parents to two children, eight-year-old B.B. and four-year-old K.B (collectively, "Children").  Father and Mother are both international teachers and lived in South Korea, where B.B.

was born, from 2013 until 2019.  In 2019, Father and Mother moved to Wayne County, where Father's mother lives, and purchased a home.  In 2020, K.B. was born.  In August of 2022, Father and Mother accepted teaching positions in the country of Ghana, sold their home in Wayne County, and moved abroad with Children.  While living in Ghana, Father and Mother separated, and Father moved into his girlfriend's apartment in May of 2023.  In the fall of 2023, the parties discussed moving to various locations in the United States, including New Jersey, Pennsylvania, or the Pacific Northwest.  The parties dispute whether they agreed to move to Seattle, Washington.  Nevertheless, in December 2023, Mother arranged for the transfer of Children's school records and they were subsequently accepted into a school in Seattle, Washington, for the 2024-2025 academic year.

Also in December 2023, Father was seriously injured in a motorcycle accident in Ghana where he sustained a traumatic brain injury.  Mother arranged for Father's transport via medivac to New York City for medical treatment.  After two months of hospitalization, in February 2024, Father moved to his mother's home in Wayne County, Pennsylvania to continue rehabilitation with her assistance.

On May 10, 2024, less than three months after returning to Pennsylvania, Father filed a Complaint in Divorce and Custody against Mother, who was still residing in Ghana with Children.  In response, Mother filed preliminary objections asserting that the trial court did not have jurisdiction over either the divorce or custody actions.

In June 2024, when her Ghana teaching contract expired, Mother moved to Seattle, Washington, with Children. She signed a lease in Washington, obtained a Washington state driver's license, and enrolled Children in summer camp in Washington. On June 21, 2024, Mother filed a divorce and custody action against Father in King County, Washington.

On July 22, 2024, following a hearing, the lower court sustained Mother's preliminary objections and dismissed Father's divorce and custody complaints for lack of subject matter jurisdiction. Specifically, the court found that Pennsylvania was not Children's "home state" and that Pennsylvania lacked jurisdiction under Section 5421 of the UCCJEA. *See* 23 Pa.C.S. § 5421; 5402 (defining "Home State").

On August 20, 2024, Father timely appealed. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises the following issues for our review:

1. Did the trial court err as a matter of law in concluding that Pennsylvania does not have home state jurisdiction under the UCCJEA based on Father and Mother's selling their home in Pennsylvania and spending approximately 22 months teaching in Ghana when Father and Mother resided in Pennsylvania for 3 years prior to going to Ghana, sold their residence in Pennsylvania only because the market was good, made arrangements to stay at Father's mother's house when they returned to Pennsylvania, and the parties never intended to stay in Ghana beyond the expiration of their 22-month international teaching contracts?

2. In the event that the trial court properly determined that Pennsylvania lacks home state jurisdiction, did the trial court err as a matter of law in failing to consider whether Pennsylvania alternatively has subject matter jurisdiction under 23 Pa.C.S.A. § 5421(a)(2), and in failing to conclude that

- 3 -

it has jurisdiction under this provision, when no other jurisdiction has home state jurisdiction and both Father and the children have significant connections with Pennsylvania, with each of the children having lived in Pennsylvania for at least half of her life?

3. In the event that the trial court properly determined that Pennsylvania lacks home state jurisdiction and significant connection jurisdiction, did the trial court err as a matter of law in failing to consider whether Pennsylvania alternatively has subject matter jurisdiction under 23 Pa.C.S.A. § 5421(a)(4), and in failing to conclude that it has jurisdiction under this provision, when no other jurisdiction has home state jurisdiction or significant connection jurisdiction?

Father's Br. at 4-5.

"The UCCJEA governs subject matter jurisdiction in custody cases." *Weliver v. Ortiz*, 291 A.3d 427, 433 (Pa. Super. 2023). Whether the court has jurisdiction under the UCCJEA "raises a question of law for which our standard of review is *de novo* and our scope of review is plenary." *Id.* Moreover, "it is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." *B.J.D. v. D.L.C.*, 19 A.3d 1081, 1082 (Pa. Super. 2011) (citation omitted).

This Court has explained that "[t]he purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigating custody decisions of other states, and facilitate the enforcement of custody orders of other states." *A.L.-S. v. B.S.*, 117 A.3d 352, 356 (Pa. Super. 2015). Section 5421 of the UCCJEA "identifies the circumstances under which a court of common pleas has jurisdiction to make an initial child custody determination. Pursuant to [S]ection 5421(b),

- 4 -

[S]ection 5421(a) is the exclusive jurisdictional basis for making an initial child custody determination by a court of this Commonwealth." ***S.K.C. v. J.L.C.***, 94 A.3d 402, 407 (Pa. Super. 2014).

Under Section 5421, Pennsylvania only has jurisdiction over an initial custody determination if Pennsylvania is the Child's current or recent "home state" on the date of the commencement of the custody proceeding and one of the parents resides in Pennsylvania; if the home state or recent home state declined to exercise jurisdiction; or if there is no state that qualifies as a home state or recent home state. 23 Pa.C.S. § 5421(a). Specifically, Section 5421(a) vests a court with initial jurisdiction where:

> (1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within the six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;
>
> (2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or section 5428 (relating to jurisdiction declined by reasons of conduct) and:
>
> > (i) the child and the child's parents, or the child and at least one parent or a person acting as a parent have a significant connection with this Commonwealth other than mere physical presence; and
> >
> > (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;
>
> (3) all courts having jurisdiction under paragraphs (1) and (2) have declined to exercise jurisdiction on the ground that a court

of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

*Id.* at § 5421(a). Relevant to this appeal, the UCCJEA defines "home state" as "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . . A period of temporary absence of any of the mentioned persons is part of the period." *Id.* at § 5402. Notably, a foreign country can be considered a "home state" for purposes of applying the UCCJEA. *Id.* at § 5405(a).

In his first issue, Father avers that the trial court erred when it found that Pennsylvania was not Children's home state under the UCCJEA. Father's Br. at 23. Father argues that the Children's time living in Ghana was a "temporary absence" from Pennsylvania and should be counted towards the requisite six-month period to establish Pennsylvania as Children's home state. *Id.* Father further argues that the parties intended to return to Pennsylvania after their temporary stay in Ghana and only sold their Pennsylvania house because the "market was good." *Id.*

As explained above, pursuant to Section 5402, if a parent leaves one state temporarily and takes the child to another state, the child is still considered as having lived in the first state during the temporary absence. *See* 23 Pa.C.S. § 5402; *R.M. v. J.S.*, 20 A.3d 496, 507 (Pa. Super. 2011). The determination of whether a move was temporary is for the trial court to

make after hearing relevant testimony. ***Bouzos-Reilly v. Reilly***, 980 A.2d 643, 646 (Pa. Super. 2009).

It is undisputed that Children did not live in Pennsylvania for the six months prior to Father commencing a custody action in Pennsylvania. Rather, Children were residing in Ghana at the time that Father commenced the custody action and had been living there for over a year and a half. Accordingly, the question before us is whether the Children's time living in Ghana constituted a "temporary absence."

Instantly, the court held a hearing and found that "the parties' time in Ghana did not constitute a temporary absence from Pennsylvania." Trial Ct. Op., 8/23/24, at 6. The court emphasized that (1) prior to moving to Ghana the parties sold their home in Pennsylvania, (2) while living in Ghana the parties researched different options of where to reside when their teaching contract expired, and (3) after living in Ghana, Mother and Children moved to Washington rather than return to Pennsylvania. ***Id.*** In addition, Mother testified that the parties used her family's home in New Jersey as their "home base" while abroad and filed a change of address from Pennsylvania to New Jersey. N.T. Hearing, 7/22/24, at 59, 61. As a result, while abroad, the credit card companies mailed statements to New Jersey, Father's cell phone plan address was in New Jersey, their health insurance provider mailed paperwork to New Jersey, and Mother intended to file taxes in New Jersey. ***Id.*** Finally, our review of the record reveals that Father's return to Pennsylvania to live with his mother was necessitated by his need for support while recovering

from his traumatic brain injury, rather than a long-standing plan to return to Pennsylvania regardless of his medical needs. In light of all of this evidence, we discern no error in the trial court's finding that the parties time in Ghana was not a temporary absence from Pennsylvania and, thus, Pennsylvania lacked home state jurisdiction under Section 5421 of the UCCJEA.

Father next avers that, even if Pennsylvania does not have home state jurisdiction under Section 5421(a)(1), the trial court erred in failing to consider whether Pennsylvania alternatively has jurisdiction under Section 5421(a)(2), or the "significant connections" test. Father's Br. at 28.

The first prong of Section 5421(a)(2) requires this Court to determine whether any other state may assume jurisdiction under the "home state" test before analyzing whether the "significant connections" principle applies. **See** 23 Pa.C.S. § 5421(a)(2); **see also McCoy v. Thresh**, 862 A.2d 109, 112 (Pa. Super. 2004) ("Pennsylvania courts will not assume jurisdiction under the 'significant connections' principle unless it appears that no other state can assume jurisdiction under statutory prerequisites substantially similar to Pennsylvania law."). Father's argument for Pennsylvania jurisdiction does not survive this first prong.

Indeed, there is another "state" that could assume jurisdiction under the UCCJEA, namely Ghana. As stated above, under Section 5405 a foreign country can be considered a "home state" for purposes of applying the UCCJEA. 23 Pa.C.S. § 5405(a). Children lived in Ghana at the time that Father filed for custody, and for over a year and a half prior to the filing.

- 8 -

Accordingly, because Ghana could assume jurisdiction, Pennsylvania is precluded from assuming jurisdiction pursuant to Section 5421(a)(2) under the "significant connections" principle.

In his last argument, Father avers that the lower court erred in failing to consider whether Pennsylvania has jurisdiction under Section 5421(a)(4), which confers jurisdiction where "no court of any other state would have jurisdiction under the criteria specified [above]." **See** Father's Br. at 31. Father argues that this is the "last resort jurisdiction" and would apply "where no jurisdiction qualifies as the child's home state or has a significant connection with a child, or where any court having home state or significant connection jurisdiction declined to exercise said jurisdiction." **Id.** (citing 23 Pa.C.S. § 5421(a)(4)). We agree with Father's characterization of Section 5421(a)(4) but his argument fails to garner him relief.

As discussed above, Ghana could assume jurisdiction under the UCCJEA. Moreover, Children are currently living in King County, Washington and the trial court recognized that at the time it issued its opinion, there was no evidence in the certified record that King County, Washington, refused to exercise jurisdiction. Trial Ct. Op. at 6. Because courts of other "states" could assume jurisdiction, Pennsylvania would not qualify for jurisdiction under Section 5421(a)(4) of the UCCJEA.

In sum, the trial court did not err when it failed to exercise jurisdiction of the custody matter in Pennsylvania.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/18/2025</u>