J-S39003-19

2019 PA Super 292

| T.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| M.H. | : | |
| | : | |
| Appellee | : | No. 1107 EDA 2019 |

Appeal from the Order Entered March 15, 2019
In the Court of Common Pleas of Delaware County
Civil Division at No(s):  CV-2017-008046

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

OPINION BY GANTMAN, P.J.E.:                    **FILED SEPTEMBER 27, 2019**

Appellant, T.D. ("Mother"), appeals from the order entered in the Delaware County Court of Common Pleas, which granted the petition of Appellee, M.H. ("Father"), to transfer jurisdiction of this custody action to Delaware State court.  We reverse.

The relevant facts and procedural history of this case are as follows. Mother and Father are the biological parents of S.H., a minor ("Child").  Father has resided in Delaware since 1998.  Mother moved to Delaware in 2006. Child was born in 2011, and has resided with Mother since birth.  Mother moved to Pennsylvania in 2014, and then moved back to Delaware on September 1, 2017.  That same day, Mother attempted to file a custody complaint in Delaware State court, which declined to accept the pleading, because Child and Mother had not resided in Delaware within the previous six

_____
*   Former Justice specially assigned to the Superior Court.

months. Mother filed a custody complaint in Pennsylvania, in the Delaware County Court of Common Pleas, on September 19, 2017. The Delaware County Court of Common Pleas entered a temporary custody order on October 27, 2017, awarding Mother primary physical custody of Child and awarding Father partial physical custody of Child every other weekend. On March 27, 2018, Father filed in the Delaware County Court of Common Pleas a petition to transfer jurisdiction of the custody action to the state of Delaware, pursuant to Section 5422(a) of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), 23 Pa.C.S.A. §§ 5401-5482. On April 14, 2018, Mother moved with Child from the state of Delaware to Chester, Pennsylvania.

On August 8, 2018, the Delaware County Court of Common Pleas granted Father's petition and transferred jurisdiction to the state of Delaware. Mother timely filed a motion for reconsideration on August 27, 2018, which the court granted on August 28, 2018. On August 30, 2018, Father filed a petition to modify custody in Delaware State court; the Delaware State court subsequently stayed Father's petition at Mother's request, pending resolution of the jurisdictional dispute in the Delaware County Court of Common Pleas.

On January 7, 2019, the Delaware County Court of Common Pleas conducted a hearing on Mother's reconsideration motion with testimony from Father, Child's paternal grandmother, and Mother. On March 15, 2019, the Pennsylvania court again granted Father's petition and transferred jurisdiction to Delaware State court. In its March 2019 opinion, the trial court purportedly

- 2 -

relied upon this Court's decision in **S.K.C. v. J.L.C.**, 94 A.3d 402 (Pa.Super. 2014) to examine the parties' and Child's circumstances under Section 5422 as of the date Father filed his petition to transfer jurisdiction, March 27, 2018. The trial court determined that, as of March 27, 2018, the parties and Child had lived in Delaware State for over six months and, as of that date, Child had more significant connections with Delaware than Pennsylvania.

On April 12, 2019, Mother timely filed a notice of appeal and a contemporaneous concise statement of errors complained of on appeal per Pa.R.A.P. 1925(a)(2)(i).

Mother raises two issues for our review:

> WHETHER THE PENNSYLVANIA TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT IT LACKED SUBJECT MATTER JURISDICTION OVER THE INSTANT CUSTODY MATTER BECAUSE ITS DETERMINATION UNDER 23 PA.C.S.A. § 5422 DID NOT RELY UPON THE FACTUAL CIRCUMSTANCES AS THEY EXISTED WHEN THE MODIFICATION PETITION WAS FILED, BUT INSTEAD RELIED UPON FACTUAL CIRCUMSTANCES AT THE TIME THE MOTION TO TRANSFER JURISDICTION WAS FILED?
>
> IF THE PENNSYLVANIA TRIAL COURT IN FACT LACKED JURISDICTION OVER THE INSTANT CUSTODY MATTER AS OF THE TIME THE MOTION TO TRANSFER JURISDICTION WAS FILED, DID IT THEREFORE LACK THE POWER TO DIRECT THE PARTIES TO PURSUE ALL FUTURE LITIGATION IN THE CUSTODY MATTER IN THE STATE OF DELAWARE?

(Mother's Brief at 4).

In her issues combined, Mother argues the trial court incorrectly viewed the parties' and Child's circumstances as of March 27, 2018, the date Father filed in the Delaware County Court of Common Pleas a petition to transfer

jurisdiction, to determine whether the court retained exclusive, continuing jurisdiction over this custody action under Section 5422. Mother asserts, pursuant to **S.K.C., supra**, the trial court should have examined the factual circumstances as they existed when Father filed a petition to modify jurisdiction in Delaware State court, August 30, 2018. Mother submits, as of August 30, 2018, she and Child resided in Pennsylvania and Child had numerous significant connections to Pennsylvania. Mother also argues that if the Delaware County Court of Common Pleas no longer had exclusive, continuing jurisdiction over this custody dispute as of March 27, 2018, the date Father filed his petition to transfer jurisdiction, then the Delaware County Court of Common Pleas lacked jurisdiction to rule on Father's transfer petition. Mother concludes this Court should reverse the order of the Delaware County Court of Common Pleas, transferring jurisdiction to the state of Delaware, and dismiss Father's petition to transfer as moot. We agree relief is due.

"The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigating custody decisions of other states, and facilitate the enforcement of custody orders of other states." **A.L.-S. v. B.S.**, 117 A.3d 352, 356 (Pa.Super. 2015). "One of the main purposes of the UCCJEA was to clarify the exclusive, continuing jurisdiction for the state that entered the child custody decree." **Rennie v. Rosenthol**, 995 A.2d 1217, 1220 (Pa.Super. 2010). The UCCJEA "is designed to eliminate a rush to the courthouse to determine jurisdiction."

*Bouzos-Reilly v. Reilly*, 980 A.2d 643, 645 (Pa.Super. 2009).

Section 5402 of the UCCJEA defines several terms relevant to a discussion of the operative statutory provisions as follows:

**§ 5402.  Definitions**

\*     \*     \*

**"Child custody proceeding."**  A proceeding in which legal custody, physical custody or visitation with respect to a child is an issue.  The term includes a proceeding for divorce, separation, neglect, abuse, dependency, guardianship, paternity, termination of parental rights and protection from domestic violence, in which the issue may appear.  …

**"Commencement."**  The filing of the first pleading in a proceeding.

\*     \*     \*

**"Home state."**  The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding.  …  A period of temporary absence of any of the mentioned persons is part of the period.

**"Initial determination."**  The first child custody determination concerning a particular child.

\*     \*     \*

23 Pa.C.S.A. § 5402.

Section 5421 of the UCCJEA identifies circumstances under which a trial court has jurisdiction to make an initial custody determination, and reads as follows:

**§ 5421.  Initial child custody jurisdiction**

**(a) General rule.**—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

(ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;

(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2) or (3).

**(b) Exclusive jurisdictional basis.**—Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this Commonwealth.

**(c) Physical presence and personal jurisdiction**

**unnecessary.**—Physical presence of or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination.

23 Pa.C.S.A. § 5421.

Section 5422(a) enumerates circumstances under which a court that has made a custody determination retains exclusive, continuing jurisdiction over the custody action, and provides, in relevant part, as follows:

**§ 5422.  Exclusive, continuing jurisdiction**

**(a)  General rule.**—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction)…has exclusive, continuing jurisdiction over the determination until:

(1)  a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or

(2)  a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

\* \* \*

23 Pa.C.S.A. § 5422(a).  In other words, "under section 5422(a), a court which has made a child custody determination under section 5421…retains exclusive, continuing jurisdiction over that determination until the elements of section 5422(a)(1) or section 5422(a)(2) have been satisfied." **S.K.C., supra** at 408.

- 7 -

Further, "Section 5422 is written in the disjunctive, and, therefore, …the trial court [i]s required only to determine whether the child[] fail[s] one of the jurisdictional tests set forth in Section 5422(a)"). *Wagner v. Wagner*, 887 A.2d 282, 286 (Pa.Super. 2005).

Under Section 5422(a)(1),

> [A] [Pennsylvania] court that makes an initial custody determination retains exclusive, continuing jurisdiction until neither the child nor the child and one parent or a person acting as a parent have a significant connection with Pennsylvania **and** substantial evidence concerning the child's care, protection, training, and personal relationships is no longer available here. The use of the term "and" requires that exclusive jurisdiction continues in Pennsylvania until both a significant connection to Pennsylvania and the requisite substantial evidence are lacking. In other words, Pennsylvania will retain jurisdiction as long as a significant connection with Pennsylvania exists **or** substantial evidence is present.

*Rennie, supra* at 1220-21 (emphasis in original). "[B]oth prongs under [S]ection 5422(a)(1) must be lacking in order to relinquish jurisdiction." *Id.* at 1223 (explaining Court need not consider whether substantial evidence was available in Pennsylvania regarding child's care, protection, training, and personal relationships, because Court concluded there existed significant connection to Pennsylvania).

> [P]ursuant to the plain and ordinary meaning of the phrase "significant connection," exclusive, continuing jurisdiction is retained under [S]ection 5422(a)(1) as long as the child and at least one parent have an important or meaningful relationship to the Commonwealth. Accordingly, we must look at the nature and quality of the child's contacts with the parent living in the Commonwealth.

*Id.* at 1221-22.  In other words, "a 'significant connection' will be found where one parent resides and exercises parenting time in the state and maintains a meaningful relationship with the child."  *Id.* at 1222.  Additionally, "the phrase 'a court of this state' under subsection (a)(1) makes it clear that the original decree state is the sole determinant of whether jurisdiction continues.  A party seeking to modify a custody determination must obtain an order from the original decree state stating that it no longer has jurisdiction."  23 Pa.C.S.A. § 5422, Uniform Law Comment.

Under Section 5422(a)(2), "[c]ontinuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer resides in the original decree state."  *A.L.-S., supra* at 360 (quoting 23 Pa.C.S.A. § 5422, Uniform Law Comment).  In this context, "residence" means "living in a particular place, requiring only physical presence."  *Wagner, supra* at 286. "The phrase 'do not presently reside' is not used in the sense of a technical domicile.  The fact that the original custody determination state still considers one parent a domiciliary does not prevent it from declining exclusive, continuing jurisdiction after the child, the parents, and all persons acting as parents have moved from the state."  23 Pa.C.S.A. § 5422, Uniform Law Comment.

> It is the intention of this Act that subsection (a)(2) of this section means that the named persons no longer continue to actually live within the state.  Thus, unless a modification proceeding has been commenced, when the child, the parents, and all persons acting as parents physically leave the state to live elsewhere, the exclusive, continuing

jurisdiction ceases.

\* \* \*

If the child, the parents, and all persons acting as parents have all left the state which made the custody determination prior to the commencement of the modification proceeding, considerations of waste of resources dictate that a court in state B, as well as a court in state A, can decide that state A has lost exclusive, continuing jurisdiction.

\* \* \*

Jurisdiction attaches at the commencement of a proceeding. If state A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the state prior to the conclusion of proceeding. State B would not have jurisdiction to hear a modification unless state A decided that state B was more appropriate under section 207 (section 5427)[(relating to inconvenient forum)].

\* \* \*

23 Pa.C.S.A. § 5422, Uniform Law Comment.

This Court has held, "when making a determination under section 5422, the trial court must rely upon the factual circumstances as they existed **when the modification petition was filed**. Likewise, when reviewing a trial court's section 5422 determination, this Court must rely upon the facts as they existed **at the time the modification petition was filed**." *S.K.C., supra* at 412 (emphasis added). In this context, a "modification petition" is "a petition filed with a court that maintains exclusive, continuing jurisdiction under section 5422. We do not use the term to refer to a petition filed with a court to modify a determination made in another jurisdiction[.]" *Id.* at 411

n. 12.

> This interpretation is supported by the comment to section 5422, which reads, in pertinent part, "Jurisdiction attaches at the commencement of a proceeding. If state A had jurisdiction under this section at the time a modification proceeding was commenced there, it would not be lost by all parties moving out of the state prior to the conclusion of proceeding." If we permitted the determination to be made at any other point in time, it would give no effect to this comment. Under section 5422(a)(2), a court lacks exclusive, continuing jurisdiction if all parties move out of the Commonwealth. If this occurred during the proceedings, and if we allowed the section 5422 determination to be made based on the facts as they existed at either the modification hearing or when the trial court made its determination then our interpretation would compel the trial court to determine that it lost subject matter jurisdiction—contrary to the comment to section 5422.
>
> We also believe that allowing the determination to be made at any other point in time would be problematic. Allowing the determination to be made at the time a hearing is held on the modification petition would provide an incentive for parents not residing within this Commonwealth to delay the proceedings to reduce any connection that the child would have with this Commonwealth. Moreover, allowing the decision to be made based upon the factual circumstances as they exist at the time the trial court makes its determination would encourage the trial court to make factual findings regarding changed circumstances since the modification hearing occurred. On the other hand, requiring that the decision be made based upon the factual circumstances at the time the modification petition was filed avoids these problems.

*Id.* at 411-12 (internal citations omitted). The trial court's decision on

jurisdiction under Section 5422 is a pure question of law, subject to a *de novo*

standard of review and a plenary scope of review. *Id.* at 408.

Instantly, no one disputes that the Delaware County Court of Common

- 11 -

Pleas had original custody jurisdiction when Mother filed the initial custody complaint on September 19, 2017, in Pennsylvania. The Delaware County Court of Common Pleas also had jurisdiction when it entered the temporary custody order on October 27, 2017, awarding Mother primary physical custody of Child and awarding Father partial physical custody of Child every other weekend. Under the plain language of Section 5422(a), the Delaware County Court of Common Pleas, as the court that entered the temporary custody order on October 27, 2017, retained exclusive, continuing jurisdiction over this custody matter to resolve the jurisdictional test of Section 5422. *See* 23 Pa.C.S.A. § 5422(a); 23 Pa.C.S.A. § 5422, Uniform Law Comment; *S.K.C., supra*. Thus, the Delaware County Court of Common Pleas had the statutory authority to decide if it should continue to exercise jurisdiction over the custody dispute. *See* 23 Pa.C.S.A. § 5422(a); 23 Pa.C.S.A. § 5422, Uniform Law Comment; *S.K.C., supra*. Therefore, we reject Mother's circular argument that the Delaware County Court of Common Pleas lacked jurisdiction to determine if it retained exclusive, continuing jurisdiction under Section 5422.

The Delaware County Court of Common Pleas, however, selected the incorrect date as the benchmark for its Section 5422 analysis. The court purportedly relied on *S.K.C., supra* when it used March 27, 2018, the date Father filed his petition to transfer jurisdiction in Pennsylvania, as the "snapshot" date for purposes of Section 5422. *S.K.C.*, however, instructs

Pennsylvania courts conducting a Section 5422 analysis to view the parents' and child's relationship to Pennsylvania as of the date a motion to modify custody is filed in Pennsylvania. *See id.* Of all dates available, established law chose the filing date of a motion to modify custody as the date least subject to manipulation by the parties or to change by court calendar or continuances. *Id.* As such, the date a motion for custody modification is filed is the least mutable date to measure the elements of Section 5422. *Id.* Thus, the date Father filed a petition to transfer jurisdiction was not the appropriate date for the trial court to use as the "snapshot" date in its Section 5422 calculus.

Further, the *S.K.C.* Court explained the operative motion to modify custody for a Section 5422 determination must be filed in the state where initial custody jurisdiction rests; out-of-state motions for custody modification do not mark the "snapshot" date in a Section 5422 test. *Id.* Therefore, contrary to Mother's argument, the date Father filed a motion to modify custody in the Delaware State court (August 30, 2018) is likewise an inappropriate date for the Delaware Court of Common Pleas to use to examine the factual circumstances under Section 5422. *Id.* (stating qualified request to modify custody in this context must be filed in state of initial jurisdiction).

In light of the foregoing, the Delaware County Court of Common Pleas misapplied *S.K.C.* and erred as a matter of law when it based its Section 5422 analysis on the facts as they existed on March 27, 2018, when Father filed his

petition to transfer jurisdiction. Further, neither party filed a motion for modification of custody in Pennsylvania to mark the appropriate "snapshot" date for Section 5422 purposes. Without a proper motion to modify custody, filed in the Delaware County Court of Common Pleas, the court lacked the relevant reference date for its Section 5422 decision. *Id.* Under the facts and circumstances of this case, we conclude that jurisdiction over this custody action remains in the Delaware County Court of Common Pleas in Pennsylvania, based upon the original custody complaint filed on September 19, 2017, and the temporary custody order of October 27, 2017. Accordingly, we reverse.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/27/19