J-A14005-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL HILL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONIQUE-RENEE CANTY | : | No. 198 WDA 2021 |

Appeal from the Order Entered January 27, 2021
In the Court of Common Pleas of Allegheny County
Family Division at No:  FD 19-003580-005

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: AUGUST 17, 2021**

Michael Hill (Father) appeals from the order finding lack of subject matter jurisdiction over Father's child custody modification action pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), 23 Pa.C.S.A. §§ 5401-5482.[1]  We affirm.

The trial court summarized the factual and procedural history as follows:

> [Father and Monique-Renee Canty (Mother)] are the natural parents of one minor child, M.C.H. (DOB: 07/29/2016), the "minor child," who is presently in Mother's sole legal and physical custody

---

[1] The UCCJEA governs subject matter jurisdiction between different states in custody matters.  ***J.C. v. K.C.***, 179 A.3d 1124, 1127 (Pa. Super. 2018); ***see also T.D. v. M.H.***, 219 A.3d 1190, 1194 (Pa. Super. 2019) ("The purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, **avoid relitigating custody decisions of other states**, and facilitate the enforcement of custody orders of other states.  One of the main purposes of the UCCJEA was to clarify the exclusive, continuing jurisdiction for the state that entered the child custody decree." (emphasis added; citations and quotations omitted)).

- 1 -

[in Massachusetts]. Mother also has another son from a previous relationship, MCS, born in 2007.

The parties began dating long-distance in January 2011. In 2014, Mother lived in Massachusetts and travelled for work, and Father lived in Pittsburgh and also travelled for work. The parties would spend time with one another in both Massachusetts and Pennsylvania, but were often "ships passing in the night." In 2014, Mother purchased a condominium in Allegheny County at 2467 Brook Ledge Road, Bridgeville, PA 15017 ("the Condo") in order to have a place for Mother and Father to stay when they were both in Pittsburgh. Mother purposefully purchased a condominium so that the property would be maintained while both she and Father were traveling for work. Father utilized the Condo as his sole residence beginning in 2015.

In April 2016, the parties ended their relationship while Mother was pregnant with the minor child. Mother gave birth to the minor child in Massachusetts with Father present, and shortly after the parties attempted to reconcile, but they were unsuccessful. In 2017, Mother obtained her current employment, which requires her to report to a de facto office based within Pennsylvania in order to service clients in the Pittsburgh area. To satisfy that requirement, she chose to use the Condo address as her mailing and paycheck address, although she continued to live primarily in Massachusetts while Father resided in the Condo. In June of 2017, Father continued to live in the Condo, but refused to pay for any expenses related to the unit. Mother filed paperwork to evict Father from the Condo, but Father refused to vacate the premises until January 2018.

On May 3, 2018, **Father filed a Custody Complaint** for the minor child **in Essex County, Massachusetts**. Father did not serve Mother with the Complaint, and not knowing that Father had already filed for custody, Mother also filed a Custody Complaint for the minor child in Essex County on July 26, 2018. In the summer of 2018, Mother was considering a relocation to Pennsylvania in an attempt to have a successful coparenting relationship with Father. In late August 2018, just one day prior to the school year starting, Mother enrolled **her older child**, MCS, into school in South Fayette School District[, located in Allegheny County, Pennsylvania]. She decided that South Fayette School District would be a better fit for MCS than his current school in Massachusetts because of his disability, and that she would be in

[the] Pittsburgh area often enough to ensure his attendance, as many of her banking clients were in the Pittsburgh area. In October 2018, soon after Mother enrolled MCS in South Fayette, Mother decided not to relocate to Pennsylvania after all. MCS continued to attend South Fayette School District, and he would stay at Mother's friend's house when Mother was in Massachusetts.

On January 25, 2019, the Essex County Courts dismissed Father's Custody Complaint due to lack of service, and on April 11, 2019, **the Essex County Courts determined that they had jurisdiction over custody of the** [**minor**] **child** and granted Mother sole legal and physical custody of the minor child.

On July 20, 2020, **Father filed a petition for modification** [of custody of the minor child] **in Allegheny County**. That petition resulted in the scheduling of a hearing on jurisdiction, which was conducted . . . via video conference on December 18, 2020, with Mother participating in the hearing by telephone from her home in Massachusetts.

Trial Court Opinion, 3/1/21, at 1-3 (emphasis added; some capitalization omitted).

By order entered January 27, 2021, the trial court denied Father's petition for modification, stating:

[T]he Commonwealth of Massachusetts retains continuing, exclusive jurisdiction over custody of the minor child within the meaning of the UCCJEA, and accordingly this Court hereby RELINQUISHES jurisdiction over the above-referenced action in favor of the courts of Massachusetts.

Order, 1/27/21 (capitalization in original).

Father timely filed a notice of appeal, contemporaneously with a concise statement of errors complained of pursuant to Pa.R.A.P. 1925(a)(2)(i). The trial court filed a responsive Rule 1925(a) opinion.

Father presents two issues for review:

- 3 -

1. Did the trial court commit an abuse of discretion or an error of law in failing to find that the testimony given at trial established that the child had lived in Pennsylvania for more than six months preceding the filing of Father's Petition to Modify?

2. Did the trial court commit an abuse of discretion or an error of law in failing to find that Pennsylvania has jurisdiction for purposes of modifying the custody order in this case?

Father's Brief at 2.

"We review a trial court's decision to exercise or decline subject matter jurisdiction for an abuse of discretion." **J.C.**, 179 A.3d at 1127; **see also Wagner v. Wagner**, 887 A.2d 282, 285 (Pa. Super. 2005) (A court's decision to exercise or decline jurisdiction under the UCCJEA will not be disturbed absent an abuse of discretion, which "occurs when the court has overridden or misapplied the law, when its judgment is manifestly unreasonable, or when there is insufficient evidence of record to support the court's findings." (citation omitted)); **id.** ("An abuse of discretion requires clear and convincing evidence that the trial court misapplied the law or failed to follow proper legal procedures." (citation omitted)).

Section 5241 of the UCCJEA provides that a court has jurisdiction to make an "initial child custody determination" if:

this Commonwealth is the **home state** of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth.

23 Pa.C.S.A. § 5421(a)(1) (emphasis added); ***see also id.*** § 5421(a)(2) (enumerating certain other grounds where a court may make an initial custody determination). The UCCJEA defines "home state" as "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding," including any "period of temporary absence[.]" ***Id.*** § 5402.

Further, UCCJEA § 5422(a) provides:

Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination) has exclusive, continuing jurisdiction over the determination until:

**(1)** a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; or

**(2)** a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

23 Pa.C.S.A. § 5422(a); ***see also see also T.D.***, 219 A.3d at 1195 ("Section 5422 is written in the disjunctive, and, therefore, ...the trial court [i]s required only to determine whether the child[] fail[s] one of the jurisdictional tests set forth in Section 5422(a)." (citation omitted)).

Finally, UCCJEA § 5423 provides:

Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421(a)(1) or (2) (relating to initial child custody jurisdiction) and:

(1) the court of the other state determines it no longer has exclusive, continuing jurisdiction under section 5422 (relating to exclusive, continuing jurisdiction) or that a court of this Commonwealth would be a more convenient forum under section 5427 (relating to inconvenient forum); or

(2) a court of this Commonwealth or a court of the other state determines that the child, the child's parents and any person acting as a parent do not presently reside in the other state.

23 Pa.C.S.A. § 5423.

We address Father's two issues together, as they both assert the trial court abused its discretion in finding Pennsylvania lacked jurisdiction under the UCCJEA. Father initially argues Massachusetts is no longer the minor child's "home state." Father's Brief at 11 (citing 23 Pa.C.S.A. § 5421); *see also id.* at 19 (alleging "Pennsylvania became [the minor] child's home state in 2018 when he and Mother lived in Pennsylvania for ten months."). Father asserts (a) Mother purchased the Condo in 2014, still resides there, and is "falsely claiming to live in Massachusetts"; (b) Mother's older child, MCS, has attended school in Allegheny County since 2018; (c) "[i]n 2018, Mother filed a tax return, and while listing a Massachusetts address, she claimed childcare costs of $3,400 paid to a facility in Oakdale, Pennsylvania"; (d) in June 2019, Mother filed for child support on behalf of the minor child in Allegheny County;

and (e) "[a]ll of Mother's pay stubs from her employer from 2017 to present are addressed to the [Condo.]" *Id.* at 3-5; *see also id.* at 13 ("A petition for Protection From Abuse filed [with] the Court of Common Pleas of Allegheny County, PA on December 10, 2019, listed Mother's address at [the Condo."). Father contends the trial court had jurisdiction to (a) make an initial child custody determination under UCCJEA § 5421(a)(1), *supra*; and (b) modify the existing Massachusetts custody order under § 5423(2), *supra*. *Id.* at 19-20. Finally, Father argues "the mere fact that Mother might be spending time in Massachusetts under this unprecedented [COVID-19] crisis is not independently sufficient to confer jurisdiction on Massachusetts for custody purposes." *Id.* at 30.

In rejecting Father's challenge, the trial court determined:

> [T]he minor child and Mother retained substantial connections to [Massachusetts] in the forms of ongoing residency, familial ties, and medical treatment (*see* N.T., 12/18/20, at 31-59); and [the trial court] found no credible bases upon which to assert any form of Emergency Jurisdiction under 23 Pa.C.S.A. § 5424.

> From the evidence and testimony adduced at the [December 18, 2020 h]earing, the [trial court] concluded that the parties' custody complaint was **already** the subject of a custody action over which the **Commonwealth of Massachusetts retains continuing and exclusive jurisdiction. By filing competing custody complaints in Massachusetts in 2018, both of the parties had already** *consented* **to the exercise of jurisdiction by Massachusetts courts**. It seems rather clear that having had his Massachusetts custody case dismissed while Mother was awarded sole legal and physical custody of the minor child by the Massachusetts court, **Father is now shopping for a better forum in which to get a different result**.

- 7 -

Understandable as that desire may be, it does not by itself confer jurisdiction upon Pennsylvania Courts.

The UCCJEA provisions setting forth a six-month period for the establishment of a minor child's "home state" [(*i.e.*, 23 Pa.C.S.A. § 5421(a) and § 5402)] **relate to situations in which proper jurisdiction has *not already* been established**. But that is not the case here. The Massachusetts court was clearly aware of Mother's complicated residential situation, and yet it did not deem that to be any impediment to awarding Mother sole legal and physical custody of the minor child. In the **absence of any material change in facts or circumstances**, the [trial court] was not persuaded that Father had set forth any legitimate basis upon which to wrest jurisdiction away from Massachusetts, or even to confer with the Massachusetts court regarding its potential willingness to relinquish jurisdiction (as would have been done immediately had the court detected any legitimate basis for asserting jurisdiction here).

\* \* \*

[T]he testimony given at trial established that **the minor child's connections to the Commonwealth of Pennsylvania have more to do with the educational and medical needs of his older half-brother than anything else**, and that Mother has no future plans to expand her limited connections with Pennsylvania in any way not already contemplated by the Massachusetts custody order. *See* N.T., 12/18/20, at 54-59. The issue of the minor child's six-month residency in Pennsylvania [in 2018], while germane, was neither clear nor dispositive.

Trial Court Opinion, 3/1/21, at 3-4, 5 (emphasis added; record citations modified).

In his challenge to the trial court's conclusions, Father seeks to have this Court re-weigh evidence and/or re-assess credibility to give more credence to Father's proposed evidence of residency, much of which concerns **MCS's contacts** with Pennsylvania, not the minor child's. However, it is well-settled that this Court cannot disturb a trial court's findings of fact and

determinations regarding credibility and weight of the evidence absent a finding that the trial court abused its discretion, **see C.R.F. v. S.E.F.**, 45 A.3d 441, 443 (Pa. Super. 2012), which did not occur in this case.

Upon review, we find competent evidence of record to support the trial court's determination that it lacked jurisdiction. The Commonwealth of Massachusetts, not Pennsylvania, had jurisdiction to make the initial child custody determination. **See, e.g.**, 23 Pa.C.S.A. § 5423(a) ("a court of this Commonwealth may not modify a child custody determination made by a court of another state unless a court of this Commonwealth has jurisdiction to make an initial determination under section 5421(a)(1) or (2) (relating to initial child custody jurisdiction")); **see also T.D.**, 219 A.3d at 1196 (the original decree state is the sole determinant of whether jurisdiction continues."). Indeed, Father accepted Massachusetts' jurisdiction by filing a custody complaint there in May 2018. Further, the trial court correctly found Massachusetts retains exclusive, continuing jurisdiction, pursuant to the UCCJEA. **See Rennie v. Rosenthol**, 995 A.2d 1217, 1221 (Pa. Super. 2010) (a state has exclusive, continuing jurisdiction under § 5422(a) of UCCJEA "as long as the child and at least one parent have an important or meaningful relationship" to the state).

Contrary to Father's claim, both the minor child and Mother have significant contacts with Massachusetts. Evidence was presented that (a) the minor child has resided in Massachusetts for essentially his entire life, aside from a few months in 2018; and (b) Mother is domiciled in Massachusetts,

occasionally travels to Pennsylvania, and has only tangential work contacts with Pennsylvania. ***See*** N.T., 12/18/20, at 31-34, 42-50, 54-55. Father's argument under UCCJEA § 5241 regarding the minor child's purported home state lacks merit. Finally, Father's claim that the trial court should have applied the provisions of UCCJEA § 5427, governing inconvenient forum, is unavailing. ***See*** Father's Brief at 23-27. Those provisions were not implicated because only Massachusetts has jurisdiction.

In sum, we discern no abuse of the trial court's discretion. ***See Wagner***, 887 A.2d at 290-91 (reversing trial court's acceptance of jurisdiction under the UCCJEA where the State of Florida had substantial contacts with the subject children and mother, and stating "Pennsylvania lacks 'significant connections' that would justify an exercise of its jurisdiction under the UCCJEA, ***see*** 23 Pa.C.S.A. § 5421(a)(2)(i)," where father occasionally took the children on trips to Pennsylvania to visit extended family and mother previously lived in Pennsylvania when deployed by the military); ***Rennie***, 995 A.2d at 1222-23 (trial court correctly rejected mother's claim that Pennsylvania should have relinquished jurisdiction to the State of Minnesota under the UCCJEA, where child had significant contacts with Pennsylvania); ***cf. T.D.***, 219 A.3d at 1198 (reversing trial court's transfer of jurisdiction to the State of Delaware under UCCJEA § 5422 where the Pennsylvania considered the original custody complaint and issued a custody order).

Accordingly, we affirm the order relinquishing jurisdiction to Massachusetts. If Father believes Massachusetts is improperly exercising jurisdiction over the custody action, he is free to petition the Massachusetts courts.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2021