J-S25016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| KATRINA A. TORRES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREVOR TORRES | : | No. 831 EDA 2021 |

Appeal from the Order Entered March 25, 2021
In the Court of Common Pleas of Pike County Civil Division at No(s):
477-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED OCTOBER 18, 2021**

K.A.T. ("Mother") appeals from the order relinquishing jurisdiction of this custody matter to the State of New York. Mother argues, among other things, that the court erred in applying Section 5422 of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA")[1] and in granting the motion without conducting a hearing or allowing her an opportunity to respond. We reverse the order and remand for further proceedings.

In April 2020, T.T. ("Father") filed a motion in Pike County to adopt a foreign custody order and petition to modify custody. He asked the court to adopt the custody order entered in New York[2] and grant him shared legal and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S.A. § 5401, et al.

[2] New York had relinquished its jurisdiction.

partial physical custody of F.M.T. ("Child"). The court adopted the New York custody order in May 2020 and scheduled a custody conference. Approximately two months later, in July 2020, Father filed a petition for contempt, alleging Mother failed to abide by the terms of the New York custody order because she refused to permit Father to exercise his summer vacation time. The court set the matter for a status conference. Mother responded with a petition for modification of the custody order, requesting primary physical custody and that Father's visits be supervised. The court scheduled a custody trial for November 2020.

In September 2020, Father filed an emergency petition for special relief after an incident that resulted in Mother's husband filing a petition for a protection from abuse order against her. The court granted Father sole legal and primary physical custody of Child. That same month, Mother filed her own emergency petition for special relief, asking the court to restore the provisions of the New York custody order pending the November trial. In October, the parties entered an interim custody agreement under which they would share legal custody of Child, Father would exercise primary physical custody, and Mother would exercise scheduled visitations from Friday to Sunday on alternating weekends. The custody trial was continued until February 2021.

In January 2021, Father filed a motion for continuance of the custody trial because his spouse, a necessary witness, would be unavailable due to military obligations. The court granted the motion and scheduled the trial for April 2021. In February 2021, Mother filed a petition for contempt and special

relief. On March 23, 2021, Father filed a motion to relinquish jurisdiction, asserting Child's residence had changed back to New York. Two days later, and before Mother filed her response, the court granted the motion. Mother filed a motion for reconsideration, which the trial court denied. Mother filed a timely notice of appeal.

Mother raises the following issues:

> a. Did the trial court commit an error of law in granting [Father's] Motion to Relinquish Jurisdiction in a child custody matter pursuant to 23 Pa.C.S.A. § 5422 without first providing [Mother] a hearing or opportunity to respond?
>
> b. Did the trial court commit an error of law or abuse of discretion in relinquishing jurisdiction in a child custody matter pursuant to 23 Pa.C.S.A. § 5422 solely because the home state of the minor child had changed or, as claimed in the opinion of the trial court, because the [Father's] pleadings indicated that Appellant and minor child had no significant connections in Pike County, Pennsylvania?
>
> c. Did the trial court commit an error of law or abuse of discretion by relinquishing jurisdiction where the party moving for relinquishment had used contemptuous, dilatory, vexatious and unlawful behavior to obtain the change in status of the child's home state in an attempt to divest the trial court of jurisdiction?

Mother's Br. at 4-6.

Before we address Mother's issues, we dispose of Father's claim that this appeal is moot because New York has issued a temporary order granting Father temporary custody and suspending Mother's visitations. He also states the New York court held a hearing in May 2021 after which it determined that an unspecified "Order granting sole custody to the father" would stand. Father's Br. at 13.

- 3 -

"A case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." ***Commonwealth v. Nava***, 966 A.2d 630, 632-33 (Pa.Super. 2009). There is no evidence of record in this case – such as a copy of the docket – showing the status of the litigation in New York. But even assuming Father's description of the orders he cites is accurate, he has not shown that the case is moot. According to Father, New York issued a temporary custody order and essentially determined to maintain the status quo. Father does not suggest that New York has made a final custody determination or that any order from this Court could have no practical effect.

We now turn to Mother's issues and will consider her first two issues together. Mother argues that the court erred in granting the petition to relinquish jurisdiction without having a hearing or providing her an opportunity to be heard. She disputes the court's claim that a hearing was not required because jurisdictional issues are to be resolved expeditiously and the record supported the relinquishment. She notes that, as the custody hearing had been continued, the record contained only pleadings, with no evidence. There was only one joint hearing, which resulted in a stipulation. She further notes the court did not cite any case to support its claim that jurisdictional issues must be handle expeditiously, and the statutes it cites "have nothing to do with the trial court's claim that no notice is required prior to relinquishing jurisdiction." Mother's Br. at 16. She notes that due process is required in custody proceedings and that the fundamental requirement of due process is

the opportunity to be heard at a meaningful time and in a meaningful manner. Further, she states that notice and an opportunity to be heard are required under the UCCJEA, as section 5427, addressing whether the forum is inconvenient, requires that the court permit the parties to submit information and consider all relevant factors. Further section 5422 governing communications between courts, provides that parties must have an opportunity to be heard before a court issues an order related to jurisdiction.[3]

In her second issue, Mother claims the court erred in applying Section 5422. She asserts that the court stated the custody order provided Father with sole legal custody, but it provided for shared legal custody. Further, Mother alleges she exercised her physical custody rights, which were on alternate weekends, in Pennsylvania. She argues the court did not properly interpret the statute because it failed to consider whether Child and Mother had a significant connection to Pennsylvania, and instead focused on Father and Child's connection to the Commonwealth. Mother further notes that the court cited the wrong standard of review—abuse of discretion. She argues that under Section 5422, the court must determine whether it possesses jurisdiction, a question over which the court has no discretion.

_____

[3] Mother relies on an unpublished memorandum from this Court. Because the memorandum was filed before May 1, 2019, neither the parties nor this Court may rely on or cite it. 210 Pa. Code § 65.37 (providing non-precedential decisions filed after May 1, 2019 may be cited for persuasive value and memorandum decisions filed before May 1, 2019 may not be cited or relied on by the court or the parties, except in limited circumstances inapplicable here).

"[A] Section 5422 determination implicates the subject matter jurisdiction of the trial court," and we apply a *de novo* standard of review and our scope of review is plenary. ***S.K.C. v. J.L.C.***, 94 A.3d 402, 408 (Pa.Super. 2014).[4]

Pursuant to Section 5422 of the UCCJEA, if Pennsylvania made a child custody determination it has "exclusive, continuing jurisdiction" over the matter as long as there is a significant connection with Pennsylvania or substantial evidence concerning the child is in the Commonwealth:

> **(a) General Rule.**—Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth which has made a child custody determination consistent with section 5421 (relating to initial child custody jurisdiction) or 5423 (relating to jurisdiction to modify determination)[5] has exclusive, continuing jurisdiction over the determination until:

---

[4] Where a court possesses jurisdiction, we review a court's decision of whether to exercise that jurisdiction for an abuse of discretion. ***S.K.C.***, 94 A.3d at 406. Section 5422, however, implicates whether a court has subject matter jurisdiction, not whether it will exercise jurisdiction and, therefore, the standard of review is *de novo*. ***Id.***

[5] Here, the state of New York issued the initial custody determination, and it later made a determination that it no longer had exclusive, continuing jurisdiction. The Pike County court adopted the New York order, at Father's request, and the parties then filed petitions to modify custody in Pike County. ***See*** 23 Pa.C.S.A. § 5423 (providing a court may not modify a custody determination made in another state unless Pennsylvania has jurisdiction to make an initial custody determination and, among other thing the court that issued the custody order determined it no longer had jurisdiction); 23 Pa.C.S.A. § 5421 (providing Pennsylvania has jurisdiction to make an initial child custody determination only if it is the child's home state on the date of the commencement of the proceeding or was the home state of the child

*(Footnote Continued Next Page)*

> (1) a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships[.]

23 Pa.C.S.A. § 5422(a)(1). To determine whether a child and parent have a significant connection to Pennsylvania, courts "must look at the nature and quality of the child's contacts with the parent living in the Commonwealth." **_Rennie v. Rosenthol_**, 995 A.2d 1217, 1221-22 (Pa.Super. 2010). "The statute does not require that the parent with primary custody have a significant connection with the state." **_Id._** at 1222.

Further, "Pennsylvania courts conducting a Section 5422 analysis . . . view the parents' and child's relationship to Pennsylvania as of the date a motion to modify custody is filed in Pennsylvania." **_T.D. v. M.H._**, 219 A.3d 1190, 1198 (Pa.Super. 2019); **_see also S.K.C._**, 94 A.3d at 411. We use the date of the filing of the motion to modify as the "snapshot" date because, "[o]f all dates available," it is "the date least subject to manipulation by the parties or to change by court calendar or continuances." **_T.D._**, 219 A.3d at 1198.

We have not addressed what due process requirements attach to the determination of whether Pennsylvania should relinquish jurisdiction under Section 5422, and Section 5422 does not provide guidance. However, Section

---

within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth).

5410 of the UCCJEA, which discusses communication between courts, provides that where courts communicate with each other regarding proceedings under the UCCEJA, the court may allow the parties to participate and, if they are not able to participate, "they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made." 23 Pa.C.S.A. § 5410. The note to Section 5410 clarifies that "the participation of the parties should not . . . be considered a substitute for a hearing and the parties must be given an opportunity to fairly and fully present facts and arguments on the jurisdictional issue before a determination is made. This may be done through a hearing or, if appropriate, by affidavit or memorandum." *Id.*, Note; *See also J.C. v. K.C.*, 179 A.2d 1124, 1134 (Pa.Super. 2017) (concluding court abused its discretion by relinquishing jurisdiction under Section 5427(b) without permitting party to submit information relevant to the *forum non conveniens* determination or present facts and legal arguments pursuant to Section 5210).

The trial court here concluded a hearing was not required because "the docket provides all information necessary to make a jurisdictional decision and because the applicable law requires expeditious handling of jurisdictional issues."[6] Trial Ct. Op., filed May 18, 2021, at 5. It reasoned that during the six months preceding the filing of the motion to relinquish, Father, who lived

_____

[6] Further, Section 5407 provides that a question regarding the existence or exercise of jurisdiction raised during a child custody dispute must "upon request of a party, . . . be given priority on the calendar and handled expeditiously." 23 Pa.C.S.A. § 5407.

in New York, had sole legal and primary physical custody. *Id.* at 8. It noted that "child may have spent some time in the Commonwealth during [Mother's] period of partial custody," but it was "persuaded that the connections to the Commonwealth are not significant, as [C]hild is enrolled in school in New York, the child receives medical insurance through [Father's] spouse, and [C]hild's entire extended family resides in the State of New York." *Id.* It then concluded that because "neither the child nor the child and one parent – in this case, [Father] – or a person acting as a parent have a significant connection with Pennsylvania and substantial evidence concerning the child's care, protection, training, and personal relationships is no longer available here," it was proper to find that jurisdiction should be relinquished. *Id.*

We conclude the trial court erred. When applying Section 5422, the court used the date of the filing of the motion to relinquish, rather than the filing of the motion to modify, to determine whether it continued to have jurisdiction. *See T.D.*, 219 A.3d at 1198. Further, it construed Section 5422(a) to require transfer where the primary caregiver and the child no longer lived in the state. This, however, is not an accurate reading of the statute. Rather, Pennsylvania retains jurisdiction so long as a parent remains and exercises custody time in the state, provided that the parent and the child have a "substantial connection" to the state. *See Rennie* 995 A.2d at 1221-22.

Further, we do not agree with the trial court that the docket contained all necessary information. The court based its determination on pleadings, not evidence, and granted the motion without allowing Mother sufficient time to

file a responsive pleading. Because there is no response, and no prior hearing where facts were presented, we cannot determine whether jurisdiction remains in Pennsylvania or whether Pennsylvania lacked jurisdiction under Section 5422. We therefore remand to the trial court for further proceedings.[7] Because we grant relief based on Mother's first two issues, we do not reach her third issue.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2021

---

[7] Father sought relinquishment of jurisdiction under Section 5324, not under Section 5327 for *forum non conveniens*, and the court concluded it lacked jurisdiction under Section 5324.