J-S46003-23

2024 PA Super 30

| | | |
|---|---|---|
| TRENTEN J. BOBACK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTINA M. PERSHING | : | |
| | : | |
| | : | No. 855 WDA 2023 |
| v. | : | |
| | : | |
| | : | |
| MICHELE L. BOBACK AND JEFFREY R. | : | |
| BOBACK | : | |
| | : | |
| Appellants | : | |

Appeal from the Order Entered June 30, 2023
In the Court of Common Pleas of Cambria County Civil Division at No(s):
No. 2014-177

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

OPINION BY DUBOW, J.:                    **FILED: February 21, 2024**

Appellants, Michele L. Boback and Jeffrey R. Boback ("Paternal Grandmother" and "Paternal Grandfather"; collectively, "Paternal Grandparents"), appeal from the June 30, 2023 order entered in the Cambria County Court of Common Pleas that found that the Commonwealth of Pennsylvania no longer possesses exclusive, continuing jurisdiction of the custody proceedings involving now-twelve-year-old J.M.B. ("Child") under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and ordered the prothonotary to transfer the case to the Circuit Court, Family

Court, Bullitt County, Kentucky, where both Child and her father, Trenten J. Boback ("Father"), live. Upon review, we affirm.

This case has a long history of custody litigation with which the parties are familiar, so we need not repeat it in detail here. Relevant to this appeal, Father and Christina M. Pershing ("Mother") (collectively, "Parents") are parents to Child. Parents were in a relationship when Child was born in November 2011, but Parents never married. Paternal Grandparents played a significant role in caring for Child for the first eight years of her life due to Father's young age and military assignments,[1] as well as Mother's work schedule. On July 17, 2018, via a consent order, Parents consented to Paternal Grandparents intervening in their custody matter.

On February 5, 2020, the trial court entered a custody order granting shared legal custody to Father and Mother, primary physical custody to Father, and partial physical custody to Mother and Paternal Grandparents. On December 9, 2020, Father filed a petition for contempt and special relief alleging that Paternal Grandmother was inappropriately disparaging Parents to Child during her custodial time. In response, Paternal Grandparents filed a petition for modification of custody and a motion for contempt.

On February 10, 2022, after a hearing, the court restricted Paternal Grandparents' custodial time to supervised physical custody during the summer and holidays, at Parents' discretion. This Court affirmed both custody

---

[1] Father enrolled in the United States Army Reserve prior to Child's birth and was seventeen years old when Child was born.

orders. ***See T.B. v. C.M.W.***, 240 A.3d 934 (Pa. Super. 2020) (non-precedential decision); ***Boback v. Pershing***, 285 A.3d 932 (Pa. Super. 2022) (non-precedential decision).

Notably, at the time that the court entered the February 10, 2022 custody order, Mother lived in Indiana, Father and Child lived in South Carolina,[2] and Paternal Grandparents lived in Pennsylvania. Parents were both married to other people, had additional children, and were co-parenting Child amicably. On March 7, 2023, Father and Child moved to Kentucky in compliance with transfer orders received from the United States Army.

On April 27, 2023, Paternal Grandparents filed another petition to modify custody requesting primary physical custody of Child. In response, on May 15, 2023, Father field preliminary objections challenging Paternal Grandparents' standing to pursue custody. On May 22, 2023, the trial court *sua sponte* issued a Rule to Show Cause to all parties to show (1) why the Cambria County Court of Common Pleas has not lost exclusive, continuing jurisdiction under the UCCJEA, and (2) why this case should not be transferred to the county and state where Father resides. Paternal Grandparents filed a timely response, while Father filed an untimely response.

On June 30, 2023, the trial court ordered that Pennsylvania no longer possesses exclusive, continuing jurisdiction under the UCCJEA because neither parent, nor a person acting as a parent, resides in Pennsylvania. Order,

_____

[2] Father moved to South Carolina on August 12, 2020, in compliance with transfer orders received from the United States Army.

7/30/23. The court further ordered that jurisdiction properly belongs in Kentucky in the county where Father and Child reside and ordered the Cambria County prothonotary to transfer to case to the Circuit Court, Family Court, Bullitt County, Kentucky, within 31 days. **_Id._**

Paternal Grandparents timely appealed. Both Paternal Grandparents and the trial court complied with Pa.R.A.P. 1925.

Paternal Grandparents raise the following issues for our review:

1. Did the trial court err in finding that the Court of Common Pleas of Cambria County, Pennsylvania, had lost exclusive and continuing jurisdiction under the UCCJEA after failing to give appropriate weight and consideration to Paternal Grandparent's _in loco parentis_ status to the child?

2. Did the trial court fail to consider the child's significant ties to Pennsylvania in determining jurisdiction of the matter no longer appears in Pennsylvania?

3. Did the trial court fail to consider the significant ties of the case to Pennsylvania in determining jurisdiction of the matter no longer appears in Pennsylvania?

Paternal Grandparents' Br. at 4.

**A.**

A trial court's decision that it retains or relinquishes exclusive, continuing jurisdiction over a custody determination pursuant to Section 5422 of the UCCJEA implicates the court's subject matter jurisdiction and is purely a question of law. **_S.K.C. v. J.L.C._**, 94 A.3d 402, 408 (Pa. Super. 2014). Accordingly, this Court's standard of review is _de novo_ and our scope of review is plenary. **_Id._** Moreover, "[i]t is well-settled that the question of subject

- 4 -

matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." ***B.J.D. v. D.L.C.***, 19 A.3d 1081, 1082 (Pa. Super. 2011) (citation omitted).

This Court has explained, "[t]he purpose of the UCCJEA is to avoid jurisdictional competition, promote cooperation between courts, deter the abduction of children, avoid relitigating custody decisions of other states, and facilitate the enforcement of custody orders of other states." ***A.L.-S. v. B.S.***, 117 A.3d 352, 356 (Pa. Super. 2015) (citation omitted). Section 5422 provides, in relevant part, that a court that has made an initial child custody determination has exclusive, continuing jurisdiction over the determination **until**:

> (1)  a court of this Commonwealth determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this Commonwealth and that substantial evidence is no longer available in this Commonwealth concerning the child's care, protection, training and personal relationships; **or**
>
> (2)  a court of this Commonwealth or a court of another state determines that the child, the child's parents and any person acting as a parent do not presently reside in this Commonwealth.

23 Pa.C.S. § 5422(a)(1-2) (emphasis added). Notably, "Section 5422 is written in the disjunctive, and, therefore, [] the trial court [i]s required only to determine whether the child[] fail[s] **one** of the jurisdictional tests set forth in Section 5422(a)[.]" ***T.D. v. M.H.***, 219 A.3d 1190, 1195 (Pa. Super. 2019) (emphasis added).

Instantly, the trial court determined that Pennsylvania no longer possesses exclusive, continuing jurisdiction pursuant to Section 5422(a)(2) and, therefore, we will concentrate our analysis on this subsection. The comment to Section 5422 explains that "[c]ontinuing jurisdiction is lost when the child, the child's parents, and any person acting as a parent no longer reside in the original decree state." 23 Pa.C.S. § 5422 cmt. Section 5402 of the UCCJEA defines "person acting as a parent" as "[a] person, other than a parent, who:

> (1) **has physical custody of the child or has had physical custody for a period of six consecutive months**, including any temporary absence, within one year immediately before the commencement of a child custody proceeding; and
>
> (2) has been awarded legal custody by a court or claims a right to legal custody under the laws of this Commonwealth.

23 Pa.C.S. § 5402 (emphasis added). The UCCJEA further defines "physical custody" as "[t]he physical care and supervision of a child." *Id.*

Notably, "a remaining grandparent or other third party who claims a right to visitation, should not suffice to confer exclusive, continuing jurisdiction on the state that made the original custody determination after the departure of the child, the parents and any person acting as a parent." *Id.* at § 5422 cmt. Moreover, "when making a determination under [S]ection 5422, the trial court must rely upon the factual circumstances as they existed when the modification petition was filed." *T.D.*, 219 A.3d at 1197 (citation omitted). Finally, the comments to Section 5402 of the UCCJEA direct a court to

- 6 -

determine the issue of whether someone is "'a person acting as a parent' under its own law." 23 Pa.C.S. § 5402 cmt.

In their first issue, Paternal Grandparents aver that the trial court erred when it failed to consider their *in loco parentis* status. Paternal Grandparents' Br. at 4. Paternal Grandparents concede that Child and Parents do not live in Pennsylvania. *Id.* at 13. However, they argue that they qualify as a "person acting as a parent" under Section 5422(a)(2) and, therefore, Pennsylvania should retain exclusive, continuing jurisdiction. *Id.* at 14. They further argue that they meet the Section 5402 definition of "person acting as a parent" because they (1) were awarded periods of supervised physical custody with Child **and** (2) claim a right to legal custody of Child in their April 27, 2023 petition for modification of custody where they request primary physical and shared legal custody. *Id.* at 16. Paternal Grandparents essentially contend that the trial court's award of supervised physical custody of Child to them qualifies them as having "physical custody of the child" under Section 5402 and satisfies the definition of "person acting as a parent" under the same Section.

Paternal Grandparents ask this court to interpret Section 5402 of the UCCJEA. "The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning." *R.M. v. J.S.*, 20 A.3d 496, 505 (Pa. Super. 2011). "Words and phrases shall be construed according to rules of grammar and according to their common and

approved usage[.]" 1 Pa.C.S. § 1903(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* At § 1921(b). Finally, we must presume that "the legislature did not intend an absurd or unreasonable result." *Raymond v. Raymond,* 279 A.3d 620, 630 (Pa. Super. 2022).

In this case, since February 10, 2022, Paternal Grandparents' custodial time has been restricted to supervised physical custody during the summer and holidays, at Parents' discretion. Section 5322 of the Custody Act defines "supervised physical custody" as "[c]ustodial time during which an agency or an adult designated by the court or agreed upon by the parties monitors the interaction between the child and the individual with those rights." 23 Pa.C.S. § 5322. Section 5322 further explains that the term "supervised physical custody" can be used interchangeably with "visitation." *Id.* As stated above, the UCCJEA defines "physical custody" as "[t]he physical care and supervision of a child." 23 Pa.C.S. § 5402.

To qualify as a "person acting as a parent" under Section 5422, the Paternal Grandparents would have had to provide for the "physical care and supervision" of Child for a period of six consecutive months preceding the filing of their petition to modify custody. As the trial court emphasizes, "[a] person with only supervised physical custody can hardly be considered to have physical care and supervision of the child **when the interaction itself is supervised**." Trial Ct. Op., dated 6/30/23, at 6. We agree. Paternal

Grandparents simply cannot provide for the physical care and supervision of Child when someone else is required to be present to supervise their periodic interactions with Child.

Moreover, the fact that Paternal Grandparents had *in loco parentis* standing at an earlier state of the proceedings is of no moment because, as stated above, the trial court must rely upon the factual circumstances as they existed when the modification petition was filed. Furthermore, Paternal Grandparents fail to identify any section of the UCCJEA that confers exclusive, continuing jurisdiction based on *in loco parentis* standing, and this Court is aware of none.

In sum, the trial court did not err when it found that the state of Pennsylvania no longer possessed exclusive, continuing jurisdiction over this custody proceeding under the Section 5422(a) of the UCCJEA, which permits a court to relinquish jurisdiction if both parents, the child, and any person acting as a parent live out of the state of Pennsylvania. Section 5402 defines "person acting as a parent," *inter alia*, as a person who has had physical custody of a child for a period of six consecutive months in the year immediately preceding a custody petition. Instantly, Parents and Child live out of the state and the Paternal Grandparents do not qualify as a "person acting as a parent" pursuant to Sections 5402 and 5422 because the court has restricted them to periods of supervised physical custody, which merely

equates to periods of visitation with Child rather than the care and supervision, or physical custody, of Child. However, our analysis does not stop here.

**B.**

Section 5422 permits a Pennsylvania court "which has made a child custody determination and does not have exclusive, continuing jurisdiction" to modify that custody determination "if it has jurisdiction to make an initial determination under [S]ection 5421." 23 Pa.C.S. § 5422(d). Section 5421 vests a court with initial jurisdiction where:

> (1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within the six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;
>
> (2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or section 5428 (relating to jurisdiction declined by reasons of conduct) and:
>
>> (i) the child and the child's parents, or the child and at least one parent or a person acting as a parent have a significant connection with this Commonwealth other than mere physical presence; and
>>
>> (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;
>
> (3) all courts having jurisdiction under paragraphs (1) and (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or
>
> (4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

- 10 -

23 Pa.C.S. § 5421. Relevant to this appeal, the UCCJEA defines "home state" as "[t]he state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." 23. Pa.C.S. § 5402.

Instantly, the trial court determined that Pennsylvania did not have jurisdiction to make an initial custody determination under Section 5421 and, therefore, did not have jurisdiction to modify the custody determination pursuant to Section 5422. Rather, the trial court found that Kentucky had jurisdiction to make an initial custody determination under Section 5421 and, thus, proceeded to transfer jurisdiction. Upon review, we adopt the trial court's analysis, as stated below, as our own:

> Although Kentucky is not Child's home state, neither Father, Mother, Child, nor a person acting as a parent presently resides in South Carolina or resided in South Carolina when Paternal Grandparents filed the Petition for Modification. Likewise, and as stated above, neither Father, Mother, Child, nor a person acting as a parent resides in Pennsylvania. No state has jurisdiction under Section 5421(a)(1). Kentucky appropriately has jurisdiction under Section 5421(a)(2) because Father has primary physical custody of Child and both have moved to and plainly intend to live in Kentucky. Indiana is the only other viable state to receive jurisdiction. However, because Father has primary physical custody of Child (and has had the same for several years), evidence, including but not limited to educational and most medical records, will be in Kentucky.

Trial Ct. Op. at 8 (footnotes omitted). Accordingly, we agree that the trial court lacked jurisdiction to modify custody under Section 5421 and discern no error with the trial court's transfer of jurisdiction to Kentucky.

**C.**

- 11 -

In conclusion, the trial court did not have exclusive, continuing jurisdiction to modify custody pursuant to Section 5422 nor initial jurisdiction to modify custody pursuant to Section 5421 of the UCCJEA. Accordingly, the court did not err when it relinquished jurisdiction to Kentucky, where Child and Father currently reside. In light of our disposition, we decline to address Paternal Grandparents' remaining issues.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/21/2024