2023 PA SUPER 37

| | | |
|---|---|---|
| JARED P. WELIVER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| IRIS M. ORTIZ | : | |
| | : | |
| Appellant | : | No. 2347 EDA 2022 |

Appeal from the Order Entered August 18, 2022
In the Court of Common Pleas of Philadelphia County
Domestic Relations at No(s):  0C1501502

BEFORE:   KING, J., SULLIVAN, J., and STEVENS, P.J.E.*

OPINION BY SULLIVAN, J.:                        **FILED MARCH 8, 2023**

Iris M. Ortiz ("Mother") appeals from the order granting primary physical custody of T.B.W.[1] ("Child") to Jared P. Weliver ("Father").  After careful consideration of the record, we vacate the order and remand for further proceedings consistent with this decision.

The following facts are relevant to our disposition and not in dispute. Child was born in 2014 to Father and Mother, who never married but lived together with Child in Pennsylvania.  In 2015, Father moved to California and filed a petition for primary custody and a simultaneous petition for expedited relief seeking primary custody of Child.  Mother also sought primary physical custody in an answer and counterclaim to Father's petition.  The assigned

---

* Former Justice specially assigned to the Superior Court.

[1] Although the trial court identifies Child as "J.B.W.," **see** Trial Court Opinion, 10/13/22, at 1, those are not Child's initials.

court[2] entered an interim order by agreement on Father's petition for expedited relief granting Mother primary physical custody and Father partial physical custody. *See* Order, 1/15/16. The assigned court later scheduled a hearing on the parties' competing requests for primary physical custody. In December 2016, a new court assigned to the case entered an interim order awarding Mother primary custody and Father partial physical custody. The court scheduled a hearing on the parties' underlying requests for primary physical custody. *See* Order, 12/8/16. In July 2017 after a hearing, the court entered a final order awarding Mother primary physical custody and Father a three-week period of physical custody every other month in California. *See* Order, 7/19/17.

In November 2018, Father filed another petition to modify custody, but his first since the 7/19/17 final order. Father asserted concerns about Mother's changes of residence and Child's health and diet. *See* Father's Petition to Modify Custody, 11/8/18 ("the 2018 petition"). Again, in April 2019, Father filed an expedited petition asking for the same relief but amplifying his concerns in his November 2018 custody petition and adding facts that Mother and Child (and Mother's other three children) now resided in New Jersey. *See* Father's Expedited Petition, 4/8/19. In May 2019, the court entered an "interim agreed order" that explicitly resolved Father's April 2019 "expedited petition" by granting Father physical custody of Child from

---

[2] We reserve the term "trial court" for the court that conducted the hearing that is the subject of this appeal.

June until one week before the end of August. ***See*** Interim Agreed Order, 5/31/19. The assigned court also ordered that the previously scheduled September 9, 2019 custody hearing, which had been listed in response to the 2018 petition, was to remain in place. ***See id***.

In June 2019, prior to the September 9, 2019 hearing scheduled in Philadelphia, Mother filed a petition to modify custody in New Jersey. In July 2019, the New Jersey court declined to exercise jurisdiction over Mother's petition (*without prejudice*) because of the pending petition in Pennsylvania, namely Father's 2018 petition filed on November 8, 2018. ***See*** Exhibit A to Mother's Pre-Trial Memorandum, 12/10/21. In response to the New Jersey Court's ruling, in August 2019 Mother filed a motion in the Philadelphia Court of Common Pleas requesting transfer of the case to New Jersey. ***See*** Mother's Motion to Transfer Venue/Jurisdiction to Gloucester, N[ew] J[ersey], 8/1/19 ("Mother's Jurisdiction Motion"). Mother stated that she had lived in New Jersey since December 2018. She asserted that pursuant to section 5422 of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Pennsylvania no longer had exclusive, continuing jurisdiction over the custody matter because neither of the parties, nor the Child, resided in Pennsylvania and Pennsylvania no longer had substantial evidence concerning Child's care,

protection, training, and personal relationships. *See id*.[3] In September 2019, the court held what it called "the matter" under advisement. *See* Order, 9/9/19. It is clear from the record, and undisputed by the parties that Father has resided in California since 2015 and Mother has lived with Child in New Jersey since at least the early part of 2019.

Later that month, the court conducted a custody hearing at which it interviewed Child *in camera* and reviewed the factors relevant to custody.[4] *See* Order 9/18/19.[5] The court entered what it labeled a "temporary order" awarding Mother primary physical custody of Child and Father physical custody during Winter, Spring, and Summer school breaks, and relisted the case for June 2020. *See id*. Nine months later, the court entered an order making a small modification to its September 2019 order and continuing the hearing scheduled for later that month to be "relisted for status at a future date *if another hearing is necessary*." Order, 6/9/20 (emphasis added). Although there is no transcript from the hearing, nothing in the record

---

[3] Although Mother's Jurisdiction Motion raised a dispositive question about the Pennsylvania court's jurisdiction over the custody matter, the court did not decide the issue until three years later in June 2022, when it determined, despite having been made aware that Mother and Child had not resided in Pennsylvania since no later than April 2019 and Father had not resided in Pennsylvania since 2015 and that Mother filed her Jurisdiction Motion in 2019 before Father filed another modification petition in 2020, that a Pennsylvania court had jurisdiction to decide the case. *See* N.T., 6/2/22, at 49.

[4] *See* 23 Pa.C.S.A. § 5328.

[5] The hearing does not appear to have been transcribed.

- 4 -

indicates that the assigned court addressed Mother's Jurisdiction Motion even though it had clearly been filed prior to the hearing date.

In August 2020, Father filed yet another petition to modify custody. *See* Father's Petition to Modify Custody, 8/31/20 (the "2020 Petition"). In the petition, Father again asserted that he lived in California and Mother lived in New Jersey. The August 2020 petition averred new and different facts from those in Father's 2018 custody and 2019 expedited petitions (where Father alleged Mother's and Child's unstable housing) – Father alleged that Child reported that Mother had numerous boyfriends and left Child unattended with multiple men, and that Mother's new boyfriend Randy yelled at Child and the other children and spanked one of the children. *See* 2020 Petition at 2 (unnumbered). Mother filed an answer denying Father's substantive allegations. *See* Mother's Answer, 9/9/20.

Eleven months later, Father, Mother and their counsel appeared before yet a different judge on Father's 2020 Petition and Mother's 2019 Jurisdiction Motion. The court issued a temporary order on August 10, 2020 modifying the terms of Father's Summer custody. *See* Order, 8/10/21. The court deemed the matter complex and stated that it should be scheduled for a protracted hearing before a different hearing court. The court stated that "all outstanding petitions [are] to be consolidated." The court specifically noted that the August 2020 petition and the 2019 Jurisdiction Motion remained outstanding. *See* Order, 8/10/21. Later that month, the trial court scheduled

a trial on all outstanding custody petitions and ordered the parties to file pre-trial memorandums. *See* Order, 8/27/21.

In December 2021, Mother filed her pre-trial memorandum asserting yet again that Pennsylvania lacked exclusive, continuing jurisdiction over the 2020 petition pursuant to section 5422(a) of the UCCJEA and had no authority to modify the existing custody arrangement under section 5422(b). *See* Mother's Pre-Trial Memorandum, 12/10/21. In January 2022, the court listed the case for a protracted hearing in June 2022.

When the parties appeared for the protracted hearing, Mother's counsel directed the court's attention to her argument that the trial court no longer had jurisdiction over the case. *See* N.T., 6/2/22, at 6. The trial court expressed its surprise and disappointment that there were undisposed pre-trial pleadings and stated its concern that Father had driven all the way from California over the course of five days. *See id.* at 5-6, 9, 20. The court asked, "Why did we prepare for trial if we're p[u]rsuing a motion that's been outstanding since 2018 [sic] concerning venue?" *Id*. at 7. It further stated:

> I'm not one to spend people's time like that. I just don't do that. These parties are here. [Father] drove from California to get to Philadelphia, and I cannot go [to trial] with a pretrial matter still pending, and if you're going to pursue that, then we're going to be very abbreviated today. I don't know that that's fair to these parties.

*Id*. at 9. Mother's counsel said she had raised the jurisdictional issue before, but the previous court continued it. *See id*. at 8. The court declared, "I didn't hold this case up since 2018." *Id.* at 11-12. Mother's counsel asserted that

the prior court had resolved the 2018 custody petition and the trial court did not have jurisdiction over the 2020 petition, the petition that was properly before the court, because neither parent had lived in Pennsylvania for more than two-and-one-half years and neither had contacts with Pennsylvania. *See id*. at 12-13. The trial court repeated its dismay over the status of the case, and reiterated its unwillingness to consider jurisdiction at length, and its concern for Father's lengthy travel from California. *See id*. at 13-15.

Mother's counsel directed the court to her argument that because neither of the parties, nor Child, had lived in Pennsylvania since December 2018, Pennsylvania lacked jurisdiction over the case under the UCCJEA. *See id*. at 22-26, 41-42. Father's counsel asserted that there had never been a final, appealable order on the 2018 petition. *See id*. at 26-27. Father's counsel stated that "after this hearing today or trial, then we would agree that it could be transferred over to . . . New Jersey," but requested that the court retain jurisdiction for the trial. *See id*. at 26-28, 30, 35. Mother's counsel responded that Father had not opted to seek a final order on the 2018 petition but chose to file the 2020 petition instead. *See id*. at 29-30, 35, 37.

The trial court stated that it did not have transcripts of the prior proceedings in the case and was not willing to take the time to get them. Those concerns led the court to declare its willingness to grant Mother's Jurisdiction Motion. It declared, "I'm ready to grant [Mother's Jurisdiction

Motion]. I am." *See id*. at 32-33. However, shortly afterward the court raised a concern about Child's presence in court and equity factors:

> I would prefer to go forward if [Child] is here. I would prefer that. I'm not willing to volunteer to do extra work when I see a docket like this. It's not fair to me. I would not have been allowed to do that. I'm not sure how that happened. I'm really not. I'm disappointed to see a docket like that where a pretrial matter is still []pending on the day when we're scheduled for a protracted trial on modification.

*Id*. at 45. After further argument and without assessing whether Father's 2018 petition had been finally resolved, the court changed its mind based in part on the fact that Father had filed the 2018 petition to modify custody before Mother filed the Jurisdiction Motion in 2019:

> The Court: So [F]ather's [2018] petition was here. Father's petition was already pending, and the petition to change venue was filed August [1,] 2019?
>
> [Mother's Counsel]: Yes, Your Honor.
>
> The Court: I'll take that approach to this.

*Id.* at 49. The court also noted that New Jersey had previously declined to exercise jurisdiction over the case. Without further discussion, the court proceeded to take Child's testimony and begin the protracted hearing. *See id*. at 49-54.

Over the course of three days of hearings from June to August 2022 (two of them virtual), the court heard testimony concerning Child's life in New

Jersey with Mother and in California with Father. Neither party presented any evidence concerning conduct in, or contact with, Pennsylvania.[6]

The court did not announce findings of fact at the conclusion of the hearing. The same day, it summarily denied Mother's jurisdiction claim and awarded Father primary physical custody and Mother physical custody during Winter, Spring, and Summer breaks. *See* Order, 8/18/22.[7] Mother filed a timely notice of appeal and she and the court complied with Pa.R.A.P. 1925.

On appeal, Mother presents the following issues for our review:

1. Did the trial court correctly rule on Mother's . . . [p]etition for change of venue to New Jersey?

2. Did the trial court commit an error of law or abuse of discretion by granting Father . . . primary physical custody of [Child]?

3. Did the trial court properly weigh the applicable custody factors in issuing its [o]rder . . . including, but not limited to, factors outlined in 23 Pa.C.S.A. §5328?

4. Did the trial court commit an error of law or abuse of discretion by not properly weighting [sic] the applicable custody factors in issuing its [o]rder . . . including, but not limited to, factors outlined in 23 Pa.C.S.A. §5328?

5. Did the trial court sufficiently state its rationale for making its custody determination; namely, granting Father . . . primary

_____

[6] Because we determine the jurisdictional issue to be dispositive, we do not address the testimony at the protracted hearing.

[7] The next day, the court issued a pre-printed form that listed the sixteen factors governing custody, 23 Pa.C.S.A. § 5328(a), to which it appended comments, and a one-paragraph addendum that did not address subject matter jurisdiction other than to assert that "[p]ending since 2018, this matter is overdue for a final order and determination. [Child] has experienced some matters which may be aggravated by delay." *See* Order, 8/19/22.

custody and allowing Father to move [Child] to . . . California?

6. Whether the trial court adequately weighed the applicable evidence provided on the record in the evidentiary hearings culminating in the [o]rder . . .?

Mother's Brief at 4-5 (issues reordered).

Because it is dispositive, we begin with a consideration of the trial court's subject matter jurisdiction, which goes to the competence of the court to render a judgment and whose absence is fatal at any stage of proceedings. *See Turner v. Estate of Baird*, 270 A.3d 556, 560 (Pa. Super. 2022) (also stating that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter is null and void). Subject matter jurisdiction raises a question of law for which our standard of review is *de novo* and our scope of review is plenary. *See Turner*, 270 A.3d at 560. The UCCJEA governs subject matter jurisdiction in custody cases. The statute:

> establishes subject matter jurisdiction before the court of common pleas in child custody matters under various subsections of Title 23, including 23 Pa.C.S.A. §§ 5421 and 5422. As the provision quoted below makes clear, section 5421 identifies the circumstances under which a court of common pleas has jurisdiction to make an initial child custody determination. Pursuant to section 5421(b), section 5421(a) is the exclusive jurisdictional basis for make an initial child custody determination by a court of the Commonwealth.
>
> Section 5422(a) identifies the circumstances under which a court has made a child custody determination under section 5421 or section 5422 retains exclusive, continuing jurisdiction over that determination until the elements of section 5422(a)(1) or section 5422(a)(2) have been satisfied. Section 5422(b) states that if the trial court has made a child custody determination, but no longer has exclusive, continuing jurisdiction under section 5422(a), it may modify that determination if it has jurisdiction to make an

- 10 -

initial custody determination under section 5421. From our review of the statutory language, it is evident that a section 5422 determination does not involve a trial court's decision regarding whether to exercise jurisdiction that has been established. Rather, a section 5422 determination implicates the subject matter jurisdiction of the trial court.

***S.K.C. v. J.L.C.***, 94 A.3d 402, 407-08 (Pa. Super. 2014).

Thus, there are two possible bases for a trial court's subject matter jurisdiction over a custody determination: either exclusive, continuing jurisdiction under section 5422(a) or jurisdiction over a petition to modify custody under section 5422(b). UCCJEA section 5422(a) provides that a court of the Commonwealth which has made an initial custody determination has exclusive, continuing jurisdiction over the determination until:

> (1)    a court of the Commonwealth determines that neither the Child nor the Child and one parent . . . have a significant connection with this Commonwealth and that substantial evidence is no longer available in the Commonwealth concerning the child's care, protection, training, and personal relationships; or
>
> (2)    a court of the Commonwealth or a court of another state determines that the child [and] . . . the child's parents . . . do not presently reside in this Commonwealth.

 23 Pa.C.S.A. § 5422(a)(1)-(2).

Under section 5422(b), a court may modify a custody determination where it does not have exclusive, continuing jurisdiction but only if it has jurisdiction to make an initial custody determination under 23 Pa.C.S.A. § 5421. ***See*** 23 Pa.C.S.A. § 5422(b). Section 5421 vests a court with initial jurisdiction where:

(1) the Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within the six months before the commencement of the proceeding . . . and a parent continues to live in the Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or section 5428 (relating to jurisdiction by declined by reasons of conduct) and:

> (i) the child and the child's parents, or the child and at least one parent . . . have a significant connection with this Commonwealth other than mere physical presence; and

> (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;

(3) all courts having jurisdiction under paragraphs (1) and (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

23 Pa.C.S.A. § 5421.

The trial court ruled that it retained jurisdiction over the case because the 2018 petition predated the 2019 jurisdiction motion. *See* N.T., 6/2/22, at 49. The court also later noted that the New Jersey court had declined to exercise jurisdiction over the case in 2019. *See id*. at 49-54. The court did not address jurisdiction in its final order or its opinion other than to cite a New Jersey court order and state that,

the previously filed custody petition pre-dating [M]other's change of residence from Philadelphia, Pennsylvania remained pending. Thereby the New Jersey court's July 2, 2019 determination remained unchanged (see [M]other's Pre-Trial Memorandum at Exhibit "A").[2]

> [2]"Mom present. Dad served but did not appear. Court notes he resides in California. Currently there is a pending case in PA between these parties and PA has jurisdiction in this matter. Mom's application to modify custody and child support is dismissed without prejudice, John Tosasello, J.S.C., Superior Court of New Jersey, Chancery-Division-Family Part"[.]

Trial Court Opinion, 10/13/22, at 7.

Applying our *de novo* standard of review and plenary scope of review, we conclude that the 2019 jurisdictional petition and the 2020 custody petition were the two outstanding petitions at the time of the protracted hearing and the 2018 custody petition, the trial court's stated basis for its jurisdiction, had been previously resolved by the equivalent of a final order as explained below. The trial court erred because both of the outstanding petitions actually before it on June 2, 2022 established that neither party nor the Child had resided in Pennsylvania since no later than April 2019, defeating the trial court's assertion of jurisdiction and rendering its August 18, 2022 custody determination null and void.

The trial court's assertion that the 2018 custody petition remained unresolved at the time of the June 2022 protracted custody hearing contradicts the record, Father's own actions, and the courts' subsequent orders. Father filed the 2018 petition and then an expedited custody petition

- 13 -

five months later in 2019. In his 2019 expedited petition, Father expressly acknowledged that Mother now lived in New Jersey. The parties resolved Father's expedited petition with an interim order. **See** Order, 5/31/19. Although the court's order resolving the expedited petition explicitly left in place a scheduled September 2019 custody hearing, **see id**., the court then **conducted that hearing** in September 2019. The September 2019 hearing included an *in camera* interview of Child and a consideration of the custody factors and resulted in an order granting Father custody of Child during Winter, Spring, and Summer school breaks. **See** Order, 9/18/19. Nine months later, the court amended that order to correct a typographical error concerning Father's Summer 2020 custody. In the corrected order, the court stated that "[t]he hearing scheduled for Monday June 15, 2020 is continued and shall be relisted for status at a future date **if** another hearing is necessary." Order, 6/9/20 (emphasis added). Although the June 2020 order purported to be "temporary," it is properly regarded as a final order. **See Wagner v. Wagner**, 887 A.2d 282, 285 (Pa. Super. 2005) (holding that a trial court's "temporary" custody order allowing for the possibility of a further hearing is a final order: "a custody order that *anticipates* future hearings that could take place on *application* of one of the parties is a final, appealable order."). Father's 2018 petition, therefore, was the subject of a final order and did not

vest the trial court with jurisdiction at the time of the 2022 protracted hearing.[8]

Father's own actions and the court's subsequent orders further demonstrate that neither the parties nor the prior court regarded the 2018 petition as unresolved, and that the 2020 petition was his unresolved petition at the time of the protracted hearing. Rather than file an appeal pursuant to *Wagner* or request a future status date on the 2018 petition as the court's June 9, 2020 order clearly contemplated, Father instead filed a new petition to modify custody in 2020. That petition acknowledged Father's California residence and Mother's New Jersey residence, and did not assert that Mother,

---

[8] Our decision in *S.K.C. v. J.L.C.*, 94 A.3d 402, 411-12 (Pa. Super. 2014), that jurisdictional facts are to be determined at the time a modification petition is filed does not alter this result. Under *Wagner*, the court's June 9, 2020 temporary order is properly viewed as a final, appealable order. Thus, the 2020 petition, not Father's resolved 2018 petition, triggered the date of the jurisdictional determination. The 2020 petition acknowledged Mother and Child's New Jersey residence and was filed *after* Mother's Jurisdiction Motion was filed in 2019.

*S.K.C.* expressed a concern that using the date of the hearing, rather than the date of the filing of the custody modification, to assess jurisdiction would provide an incentive for a parent not residing in the Commonwealth to delay proceedings to reduce a child's connection to the Commonwealth and would encourage the trial court to make factual findings concerning changed circumstances since the modification hearing occurred. *See S.K.C.*, 94 A.3d at 411-12. We use the date of the 2020 petition to assess the jurisdictional facts. In any event, the manipulation concerns *S.K.C.* recognizes are not present in this case. There is no suggestion that Mother moved to New Jersey to reduce Child's connection to Pennsylvania, and at the time of the 2020 petition, Mother and Child had lived in New Jersey for one-and-one-half years as Father's petition acknowledged.

Father, or Child resided in Pennsylvania, the presence of any evidence in Pennsylvania relevant to the 2020 petition, or any connection between the 2020 petition and the 2018 petition. Instead, the 2020 petition alleged a never-before-raised series of assertions, including Mother's relationships with men whom she left Child unattended and one of whom allegedly yelled at Child. *See* 2020 Petition at 2 (unnumbered). The 2020 petition cannot be regarded as a continuation of the resolved 2018 petition; it was a new petition.

Court orders subsequent to the June 9, 2020 order also demonstrate that the parties and the court understood that only Mother's jurisdiction motion and the 2020 custody petition remained outstanding at the time of the protracted hearing. In July 2021, at Father's request, the trial court, which handled that listing of the case, entered an order continuing **the 2020 custody petition** at his request. *See* Order, 7/14/21. The next month, Father and Mother were present in court on what the subsequent order stated were "all outstanding petitions," but specifically named as "Father's petition for modification filed August 31, 2020 [the 2020 petition] and Mother's petition for change of venue filed August 1, 2019." **See** Order, 8/10/21. The order modified the June 9, 2020 custody order, and stated that the matter was complex and required a protracted hearing and that all outstanding petitions were to be consolidated. **See id**. The trial court then assumed responsibility for the case and ordered the parties to file pre-trial

memorandums. *See* Order, 8/27/21. In his pre-trial memorandum,[9] Father advanced new arguments he had either never raised before, *see* Father's Pre-Trial Memorandum at ¶¶ 1, 2 (asserting concerns about Mother's selection of a pediatrician and Child's bed-wetting), or issues he first raised in the 2020 custody petition, *see* ¶¶ 3, 4, 5, 6, 7 (addressing Mother's romantic partners, leaving Child unattended with various boyfriends, Randy's alleged abuse of Child, Mother's "immoral" conduct, and Father's concerns about Child's emotional well-being). Clearly, Father regarded the 2020 custody petition as distinct from his prior, resolved petitions. Thus, the record also defeats the suggestion that any party regarded the 2018 petition as unresolved when Father filed the 2020 petition, or nearly two years later when the trial court convened the protracted hearing that consisted of three days of testimony about conduct involving the parties and Child in New Jersey and California.

Since the 2018 petition was not before the trial court, we consider whether there is an alternate basis to find that the trial court retained subject matter jurisdiction over the custody proceeding. Under section 5422, a court has exclusive jurisdiction until a court of this Commonwealth determines that neither the child nor the child and one parent have a significant connection with the Commonwealth and that substantial evidence is no longer available

_____

[9] Father's Pre-Trial Memorandum is undated and undocketed but is included in the certified record on appeal, and the trial court received it prior to trial. *See* N.T., 6/2/22, at 15. We consider it for its relevance to the jurisdictional determination.

in the Commonwealth concerning the child's care, protection, training, and personal relationships, or a court of the Commonwealth or another state determines that the child and child's parents do not presently reside in this Commonwealth. *See* 23 Pa.C.S.A. § 5422(a)(1), (2). A proceeding commences at the time a petition for modification is filed. *See S.K.C. v. J.L.C.*, 94 A.3d 402, 411 (Pa. Super. 2014). When Father filed the 2020 petition to modify custody, neither parent nor Child had a significant connection with Pennsylvania. Father had not lived in Pennsylvania since 2015, and Mother and Child had not lived in Pennsylvania for more than one-and-one-half years and there is no indication that substantial evidence concerning Child was present in Pennsylvania – Father presented none at the three-day protracted hearing. *See* 23 Pa.C.S.A. § 5422(a)(1). Similarly, there is no doubt that neither parent nor Child resided in the Commonwealth when Father filed the 2020 petition; both Father and Mother acknowledged that Mother and Child lived in New Jersey since at least April 2019. *See* 23 Pa.C.S.A. § 5422(a)(2). Accordingly, the trial court did not have exclusive and continuing jurisdiction over the 2020 petition.[10]

The court also lacked jurisdiction under 23 Pa.C.S.A. § 5422(b), which permits a court to modify a custody determination only if it has jurisdiction to

---

[10] That the court failed to perform the jurisdictional inquiry is irrelevant. Where subject matter jurisdiction does not exist, any resulting judgment or decree is null and void. *See Turner*, 270 A.3d at 560.

- 18 -

make an initial custody determination under 23 Pa.C.S.A. § 5421(a). The facts on the record fail to establish any of the four jurisdictional bases stated in section 5421, concerning jurisdiction to make an initial custody determination: subsection (1) is inapposite because the Commonwealth was not Child's home state at the time of the proceeding or six months before; subsection (2) is inapposite because a court of another state[11] had jurisdiction at the time of the filing of the 2020 petition; subsection (3) is inapposite because New Jersey (and/or California) have not declined to exercise jurisdiction on the grounds that the Commonwealth is the most appropriate forum to determine custody under sections 5427 or 5428;[12] and (4) at least one other state would have jurisdiction under paragraphs (1), (2) or (3). The trial court therefore lacked jurisdiction to modify custody under section 5421. Because the trial court lacked subject matter jurisdiction, its August 19, 2022 custody order is null and void.

---

[11] Under the custody agreement in effect at the time, New Jersey qualified as Child's home state under section (1).

[12] New Jersey declined to exercise jurisdiction in 2019 because there was a pending custody hearing on Father's prior petitions that were subsequently resolved no later than the court's June 9, 2020 order. New Jersey did not decline to exercise jurisdiction under section 5427 or 5428 and has not been asked to exercise jurisdiction over the 2020 custody petition or over the 2019 jurisdiction motion now that Pennsylvania no longer has exclusive, continuing jurisdiction.

It is regrettable that the trial court's failure to make a proper assessment of its subject matter jurisdiction has resulted in wasted time, expense, and emotional upheaval in the lives of Child, Mother, and Father.[13] Courts cannot assume jurisdiction they do not possess, nor can parties confer jurisdiction on the court; jurisdiction is conferred solely by the Constitution and laws of the Commonwealth. *See Page Publishing, Inc. v. Hemmerich*, 287 A.3d 948, 955 (Pa. Super. 2022) (stating that jurisdiction may be raised at any time in the course of proceedings, including a reviewing court *sua sponte*). The trial court clearly did not have jurisdiction over the 2020 custody petition. We are thus compelled to vacate the trial court's order and remand to the lower court to reimpose the last valid custody agreement. Absent a change in circumstance of residence, any further custody matters should be resolved by a state that satisfies the UCCJEA's subject matter jurisdiction requirements.

Order vacated; case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

[13] Plainly the court misunderstood what petitions were properly before it; for example, it issued an order on the second day of the protracted hearing incorrectly stating that Mother's 2015 counter complaint, which had been resolved by the final order on 7/19/17, was before it. *See* Order, 7/27/22.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/08/2023</u>