J-S31031-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DARIAN KORIN ROLON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL LUIS ROLON, III | : | No. 897 EDA 2023 |

Appeal from the Order Entered March 17, 2023
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2023-FC-0122

BEFORE: OLSON, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED NOVEMBER 02, 2023**

Darian Korin Rolon ("Mother") appeals from the order dismissing her complaint for custody. She argues the court erred in finding it lacked jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"). ***See*** 23 Pa.C.S.A. §§ 5401-5482. We affirm.

Mother filed a complaint for custody on February 6, 2023, seeking primary physical custody of G.R. ("Child"). Angel Luis Rolon, III ("Father") filed a motion to dismiss, arguing that the state of Delaware has exclusive jurisdiction.

The court held a hearing and found the relevant facts are as follows:

> The Child was born in Delaware on February 9, 2022[,] and resided with Mother and Father in Milford, Delaware until sometime in October 2022, when the parties cross-filed for Protection from Abuse Orders. Mother and the Child moved to Womelsdorf, Berks County, Pennsylvania for approximately three weeks and lived with Maternal Grandfather. During that time, Father filed a petition for custody of the Child in Sussex County,

Delaware in Case No. 22-2248, File No. CS22-05767. On November 6, 2022, Mother and Child returned to the Milford, Delaware residence and resumed living with Father. On November 8, 2022, the Protection from Abuse Petitions were dismissed by stipulation of Mother and Father. Between November 6, 2022[,] and January 24, 202[3], Mother and the Child would spend time in the Milford, Delaware residence with Father and in Womelsdorf, Berks County, Pennsylvania, with Maternal Grandfather. On January 24, 2023, Father withdrew his petition for custody in the Sussex County, Delaware action by reason of reconciliation. Shortly thereafter, Mother and Father had an argument and Mother began to pack, with the assistance of Father. On or about January 28, 2023, Mother moved into an apartment complex in Allentown, Lehigh County, Pennsylvania, near where Father's other child resides. The Child remained with Father until February 4, 2023, when Father delivered the Child to Mother in Allentown, Lehigh County, Pennsylvania. At the time of the March 17, 2023 hearing, Mother was residing in Allentown, Lehigh County, Pennsylvania, Father was residing in Milford, Sussex County, Delaware, and the Child was spending time in both locations.

Trial Court Opinion, 5/12/23, at 4-5 (citations to hearing exhibits omitted).

The court dismissed the complaint. It found Pennsylvania lacked jurisdiction under the relevant provision of the UCCJEA, Section 5421. *See* 23 Pa.C.S.A. § 5421 ("Initial child custody jurisdiction"). It found that pursuant to the definition the UCCJEA employs, Pennsylvania was not Child's "home state" on the date Mother commenced the action or within the six months prior to the suit. *See* Trial Ct. Op. at 5 (citing 23 Pa.C.S.A. § 5402). The court also found Child's home state at the time of the filing of the complaint was Delaware, because Child "was born in Delaware, resided there uninterrupted for the first eight months of his life, and resided there from November 6, 2022[,] through February 4, 2023," two days before Mother filed her complaint. *Id.* It also found that, as Delaware had not declined to exercise

jurisdiction over the matter, Mother's and Child's connections with Pennsylvania were irrelevant. *Id.* at 6.

Mother appealed.[1] Mother's *pro se* brief makes the following arguments:

1. It is denied that the residency requirement of 23 Pa. C.S. § 5421, et seq. precludes this court from exercising jurisdiction. Under 42 Pa.C.S.A. § 5344(a)(2), a Pennsylvania court may assert jurisdiction where: (a) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because: (b) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and (c) there is available in this Commonwealth substantial evidence concerning the present or future care, protection, training, and personal relationships of the child. Mother and infant child left the state of Delaware. Plaintiff/Mother moved back to Lehigh County in January. Due to financial limitations, she was forced to reside with her step-father until she could secure appropriate housing. Mother works remotely, changed her mailing address, changed her drivers [sic] license, entered into a lease and placed utilities in her name at the address where she and [C]hild reside. Mother has found a pediatrician for [C]hild and is in the process of enrolling him in day care. Additionally, Defendant/Father has significant contacts in Lehigh County having custody litigation in this court (Burkard v. Rolon, CASE NO. 2018-FC-0847) as well as several family members. See <u>Bem v. Bem</u>, 316 Pa.Super. 390, 463 A.2d 16 (1983) (significant connections and substantial evidence is sufficient for jurisdiction despite home state jurisdiction elsewhere); <u>Matter of DLS</u>, 278 Pa.Super. 446, 420 A.2d 625 (1980) (separate basis for jurisdiction exists because of Pennsylvania's strong contacts with both parents and children and the availability of evidence); <u>Joseph E.H. v. Jane E.H.</u>, 283

---

[1] Mother did not file a concise statement of errors complained of on appeal concomitantly with her Children's Fast Track Notice of Appeal, in violation of Pa.R.A.P. 905(a)(2) and Pa.R.A.P. 1925(a)(2). However, the trial court thereafter ordered Mother to file a statement within 21 days, and she complied. We therefore deem the defect cured and find dismissal unnecessary. *See In re K.T.E.L.*, 983 A.2d 745, 747 (Pa.Super. 2009) (finding failure to file concise statement concomitantly with a children's fast track notice of appeal renders notice defective but does not affect the validity of the appeal or divest Court of jurisdiction).

Pa.Super. 109, 423 A.2d 739 (1980) (significant contacts existed despite home state status elsewhere).

2. [Father] had knowledge of [Mother's] relocation and consented to the relocation for the past three (3) months. Both [Mother] and [Father] have significant contacts in Lehigh County having recently lived in Lehigh County for several years.

3. The court erred in dismissing [Mother's] complaint for custody 2023-FC-0122.

Mother's Br. at 1-3.[2]

"The UCCJEA governs subject matter jurisdiction in custody cases." **Weliver v. Ortiz**, 291 A.3d 427, 433 (Pa.Super. 2023). Whether the court has jurisdiction under the UCCJEA "raises a question of law for which our standard of review is *de novo* and our scope of review is plenary." **Id.**

Mother argues the court erred in dismissing her complaint for lack of jurisdiction under Section 5421, because, she argues, the court has jurisdiction under 42 Pa.C.S.A. § 5344(a)(2).

Mother's argument is unavailing because the statute on which she relies to establish jurisdiction in Pennsylvania was repealed. **See Wagner v. Wagner**, 887 A.2d 282, 289 n.6 (Pa.Super. 2005) (stating the UCCJEA's predecessor, the Uniform Child Custody Jurisdiction Act, was repealed effective August 16, 2004, when the UCCJEA took effect). The cases that Mother cites to support her jurisdictional argument pre-date Pennsylvania's 2004 adoption of the UCCJEA.

---

[2] Mother's brief fails to conform to the Rules of Appellate Procedure. **See** Pa.R.A.P. 2101; **In re Ullman**, 995 A.2d 1207, 1211 (Pa.Super. 2010). However, as we can discern Mother's arguments, which are the same as those she raised before the trial court, we decline to quash.

Moreover, we discern no error in the court's application of the current jurisdictional provision, Section 5421. Under Section 5421, Pennsylvania only has jurisdiction if it is the Child's current or recent "home state" and one of the parents resides here, or if the home state or recent home state declined to exercise jurisdiction, or if there is no state that qualifies as a home state or recent home state. *See* 23 Pa.C.S.A. § 5421(a).[3] The Act defines "[h]ome state" as

_____

[3] The statute provides as follows.

### § 5421. Initial child custody jurisdiction

**(a) General rule.--**Except as otherwise provided in section 5424 (relating to temporary emergency jurisdiction), a court of this Commonwealth has jurisdiction to make an initial child custody determination only if:

(1) this Commonwealth is the home state of the child on the date of the commencement of the proceeding or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this Commonwealth but a parent or person acting as a parent continues to live in this Commonwealth;

(2) a court of another state does not have jurisdiction under paragraph (1) or a court of the home state of the child has declined to exercise jurisdiction on the ground that this Commonwealth is the more appropriate forum under section 5427 (relating to inconvenient forum) or 5428 (relating to jurisdiction declined by reason of conduct) and:

(i) the child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this Commonwealth other than mere physical presence; and

*(Footnote Continued Next Page)*

The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . . A period of temporary absence of any of the mentioned persons is part of the period.

23 Pa.C.S.A. § 5402.

The court did not err in concluding that Pennsylvania, where Child has never resided for a consecutive six-month period, has never qualified as Child's home state. Whether Father knew of or consented to Mother's relocation to Pennsylvania has no bearing on this analysis.

In addition, as Child lived in Delaware for the duration of his life, aside from temporary absences in the six months immediately preceding the

---

          (ii) substantial evidence is available in this Commonwealth concerning the child's care, protection, training and personal relationships;

(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that a court of this Commonwealth is the more appropriate forum to determine the custody of the child under section 5427 or 5428; or

(4) no court of any other state would have jurisdiction under the criteria specified in paragraph (1), (2) or (3).

**(b) Exclusive jurisdictional basis.--**Subsection (a) is the exclusive jurisdictional basis for making a child custody determination by a court of this Commonwealth.

**(c) Physical presence and personal jurisdiction unnecessary.--**Physical presence of or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination.

23 Pa.C.S.A. § 5421.

February 2023 complaint,[4] the court did not err in concluding that Delaware qualifies as Child's home state. At the very least, Delaware was Child's home state as of October 2022, within the six months preceding the filing of the complaint. As Father still resides in Delaware, the extent of Mother's and Father's connections with Pennsylvania would only become relevant if Delaware declined to exercise jurisdiction on the basis that Pennsylvania is the more appropriate forum. *See* 23 Pa.C.S.A. § 5421(a)(1), (a)(2)(i). Mother has not suggested that Delaware has done so.[5]

Order affirmed.

_____

[4] Child lived in Pennsylvania for three weeks between October and November 2022, for other periods between November 2022 and January 2023, and for two days in February 2023 before Mother filed the complaint.

[5] Although Section 5421 contains an exception, it has no application here. Section 5421 does not control where Section 5424 (relating to temporary emergency jurisdiction) applies. That section takes precedence if "the child is present in this Commonwealth and the child has been abandoned or it is necessary in an emergency to protect the child because the child or a sibling or parent of the child is subjected to or threatened with mistreatment or abuse." 23 Pa.C.S.A. § 5424(a). Mother does not argue that Section 5424 applies, that Child has been abandoned, or that Father has threatened, mistreated, or abused Child or a sibling of Child. Therefore, Section 5421 is controlling.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/2/2023